Arnold JOHNSTON, Petitioner,

v.

**MARTEN TRANSPORT, The Hartford Insurance Group and The Workers' Compensation Court, Respondents.**

No. 78742.

Court of Appeals of Oklahoma, Division No. 1.

Aug. 11, 1992.

Rehearing Denied Sept. 29, 1992.

Certiorari Denied Dec. 15, 1992.

Robert A. Flynn, Wilson Jones, Tulsa, for petitioner.

Catherine A. Gatchell, Tulsa, for respondents.

MEMORANDUM OPINION

GARRETT, Judge:

Petitioner Arnold Johnston (Claimant) filed his Form 3 in the Workers' Compensation Court on December 12, 1989, alleging he sustained an accidental injury arising out of and in the course of his employment with Respondent Marten Transport (Employer). He alleged the date of the accident was February 8, 1989, and occurred in Weatherford, Oklahoma, where he slipped on ice, fell, rolled downhill and struck a building. He alleged he sustained injury in the nature of a sprain/strain to his lower back and neck. The Form 3 was filed approximately two months after Claimant had filed for non-work related short term disability which the company paid through March 23, 1990. Employer answered, denying Claimant sustained an accidental injury which arose out of and in the course of his employment. Employer also asserted that Claimant failed to provide timely notice, pursuant to 85 O.S.1991 § 24.2, and that its rights were prejudiced thereby.

On July 22, 1991, the trial court's order was filed, denying the claim. The court found:

> THAT the Court finds that the respondent's witnesses and documentary evidence effectively refuted the claimant's testimony.

> THAT claimant did not sustain an accidental personal injury arising out of and in the course of claimant's employment with the above named respondent, as alleged in the claim for compensation filed herein.

Claimant timely filed an appeal with the Workers' Compensation Court *En Banc*, and on November 21, 1991, an order of the three judge panel was filed, affirming the trial court. This review proceeding followed.

Claimant contends there is no competent evidence to support the trial court's order denying his claim. He contends his medical evidence, as well as that offered by Employer, shows he suffered an injury during the course of his employment, and the

trial court thus had no alternative but to find his claim compensable.

Claimant testified that he worked for Employer as a truck driver for more than three years. He stated in February, 1989, he had driven from Cottage Grove, Minnesota, to deliver some materials (computer chips) to Ravens Manufacturing in Weatherford, Oklahoma. He stated when he got out of the truck, he slipped on the ice on the first step and fell on the ground. He continued unloading his truck. He testified that when the truck was unloaded, he tried by telephone to reach his supervisor, who was unavailable. He told someone else there that he had fallen. He was asked if he needed a doctor, and he said that he did not think he needed one. He began seeing a chiropractor, Dr. K., which he continued for eight or nine months. He was later referred to medical doctors who treated him.

Debra E. Hayden (Hayden) testified on behalf of Employer. She works within Employer's Risk Management Department. She testified it was her job to review operator settlement sheets (from which employees are paid) with regard to her investigation involving Workers' Compensation claims. She stated Claimant was not anywhere near Weatherford, Oklahoma, on the date in question. She stated that on February 7, 1989, he picked up a load in Freehold, New Jersey, for Nestles, which was more than likely food products, and delivered to Skokie, Illinois. On February 9, 1989, he picked up a new truck in Mondovi, Wisconsin, and picked up a load of Nestles products. She stated that the records do not indicate he carried a load of computer chips, although it was possible that on his January 28 trip to Virginia from 3M Company that there were computer chips on that. She also testified that Employer follows Department of Transportation (DOT) regulations, which prohibit driving at one time longer than 10 hours, or an average of 500 miles per day. If they drive 10 hours, they must take an 8–hour break. She stated it would not have been within company policy to travel over 800 miles in 17 hours overnight, which is the distance from Cottage Grove, Minnesota, to Weatherford, Oklahoma. She stated it was her testimony that nowhere in the settlement sheets or company records was there an indication that Claimant did in fact go to Weatherford, Oklahoma. She also stated there was no verbal or written report made by Claimant of an employment-related injury until he filed his workers' compensation claim in December, 1989.

■ Claimant appears to contend, *inter alia,* that Employer was required to present "competent medical evidence" to prove that Claimant did not suffer an accidental injury which arose out of and in the course of his employment, and failure to do so causes the court's order to be invalid for lack of supportive competent evidence. However, there is no such rule. The statute requires competent medical evidence to prove a claim, but not to disprove the existence of a compensable accidental injury. 85 O.S.1981 § 17; *Collins v. Halliburton Services,* 804 P.2d 440 (Okl.1990). A doctor's opinion must be based on a history provided to him by the claimant, and he must assume that the history provided to him is correct. One method of disproving a claim is to present evidence that the history is not correct.

■ Whether an injury arises out of and in the course of a claimant's employment, or from prior injury or disease, presents an issue of fact for the trial court, whose findings on review will not be disturbed if based upon any competent evidence. *Thomas v. Keith Hensel Optical Labs,* 653 P.2d 201 (Okl.1982); *Refrigerated Transport Inc. v. Creek,* 590 P.2d 197 (Okl.1979). Although the medical evidence states there was an injury and that it was employment-related, the history recited in the physicians' reports was given by Claimant. The trial court must determine the facts from all of the evidence presented, including the non-medical testimony. Findings of fact made by the trial court are binding and conclusive in review proceedings before this Court, unless they lack support in competent evidence. *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okl.1984). It is only when competent evidence is lacking

that the trial court's decision may be determined to be erroneous as a matter of law. *Parks,* supra.

The credibility of witnesses is for the trial court to determine. The trial court has the duty, as the fact finder, to determine whether a witness is to be believed. Here, while the evidence was disputed, the record contains competent evidence to support the order.

ORDER SUSTAINED.

ADAMS, P.J., and JONES, J., concur.