**Donald Ray MOORE, Petitioner,**

v.

**UNIROYAL GOODRICH, own risk, and The Workers' Compensation Court, Respondents.**

**No. 88040.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 21, 1997.

W.C. Doty, Norman, for Petitioner.

Gary W. Farabough, Ardmore, for Respondents.

## MEMORANDUM OPINION

JONES, Presiding Judge:

Petitioner, Donald Moore (Claimant), seeks review of a panel-approved order of the Workers' Compensation Court. That order found that Claimant did not sustain an accidental personal injury arising out of and in the course of his employment with Respondent. We look to see whether that decision is supported by any competent evidence. If so, the decision below must be sustained. *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okla.1984).

Claimant's theory was that he had suffered cumulative trauma injury to his cervical and lumbar spines, shoulders, elbows, knees, hands and feet during his 16 years of employment with Respondent. His medical expert determined him to have 89% permanent partial disability to the body as a whole as a result of these injuries.

██ Respondent's medical expert found Claimant's symptoms to be the result of rheumatoid arthritis. It was his unequivocal opinion that rheumatoid arthritis was not job-related, nor was it aggravated by Claimant's work. He found no work-related disability.

██ On appeal, Claimant argues that the report of Respondent's medical expert, Dr. A, is incompetent and thus could not be a proper evidentiary basis for the denial of the claim. Specifically, it is claimed the report is not in compliance with the AMA Guides. We find this contention to be insufficient to overturn the decision of the three judge panel.

Rule 21 of the Workers' Compensation Rules, 85 O.S.1991 Ch. 4, App. requires "... a physician's evaluation of the extent of permanent impairment shall be prepared in substantial compliance with the AMA Guides to the Evaluation of Permanent Impairment." This presumes that such impairment is work-related. It seems obvious that when a physician is of the opinion that any disability is **not work-related,** compliance or noncompliance with the Guides as to the extent of impairment is immaterial. That there be a **work-related** injury, one that arises out of and in the course of employment, is a requirement for compensability under the Workers' Compensation Act. The finding that there was no such injury moots any dispute over the disability rating. The case of *Johnston v. Marten Transport,* 842 P.2d 763 (Okla.App.1992), appears to resolve this issue, in that it states:

Claimant appears to contend, inter alia, that Employer was required to present "competent medical evidence" to prove that claimant did not suffer an accidental injury which arose out of and in the course of his employment, and failure to do so causes the court's order to be invalid for lack of supportive competent evidence. However, there is no such rule. The statute requires competent medical evidence to prove a claim, but not to disprove the existence of a compensable accidental injury.

The evidence that Claimant had no work-related injury and impairment was compe-

tent. When competent evidence supports the order below, it must be sustained on appeal.

SUSTAINED.

GARRETT, J., and ADAMS, C.J., concur.