Clara RODRIQUEZ, Petitioner,

v.

UTILITIES ENGINEERING & CONSTRUCTION, and American Motorists Insurance Company, Respondents.

No. 36261.

Supreme Court of Oklahoma.

April 6, 1955.

David C. Shapard, Wm. H. Lewis, Oklahoma City, for petitioner.

Pierce, Mock & Duncan, and John R. Couch, Oklahoma City, Joe Francis, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, Justice.

Clara Rodriquez filed claim for death benefits under the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq., stating she is the wife and sole surviving dependent of Nick Rodriquez who had died as the result of injury received while in the employ of Utilities Engineering & Construction Company.

A hearing on the claim was held before a member of the State Industrial Commission.

The respondent and insurance carrier agreed that Nick Rodriquez was employed by the respondent at the time of his death, and engaged in a type of employment covered by Workmen's Compensation Act.

According to testimony Nick Rodriquez, immediately before his demise, was carrying lumber from a room. Within the room there were various pieces of lumber and timber lying about the floor, and some standing erect which had been loosened from the concrete walls and ceiling of the room. Shortly after his return to the room after carrying a piece of lumber therefrom a human sound, such as a groan or yell, was heard to emanate from the room. Immediately after said sound Nick Rodriquez

was discovered on the floor of the room, then dying or dead. He was found in a sitting position on the floor with his back and head at a slant above the floor, and his head resting across a metal structure that extended above the floor. Across his head and chest there rested a 4 by 4 piece of lumber.

A physician witness, who examined the body of the deceased, gave an opinion that the death resulted from trauma to the head.

The claimant gave testimony to the effect that she and Nick Rodriquez entered into a common-law marriage relationship in 1936 and lived together continuously in such relationship until his death.

On cross-examination the witness stated that she is of African descent and that Nick Rodriquez had told her that he was "mixed breed, French and Mexican."

After the close of the testimony and the hearing the State Industrial Commission received a copy of a letter from a physician which contained an expression of opinion as to the cause of death of Nick Rodriquez.

Thereafter the trial commissioner made and entered findings and an order which was to the effect that Nick Rodriquez, deceased, did not sustain an accidental injury, the cause of his death, and arising out of and in the course of his employment with the respondent; that the claimant is of African descent and that the decedent was not of African descent; that the claimant was not the lawful wife, and not an heir at law of the decedent, by reason of statute 43 O.S.1951 § 12, which prohibits the marriage of a person of African descent with one not of African descent; that claimant's claim for death benefits under the Workmen's Compensation Law is denied.

The claimant filed an appeal to the entire Commission, and upon hearing, the order and findings of the trial commissioner were affirmed and adopted and made and entered as the order and findings of the majority of the Commission.

The claimant has brought the instant proceedings for a review.

In appeal to the entire Commission the claimant asserted error in the findings of the commissioner, and also requested a rehearing, averring that she was wholly uninformed and ignorant of any significance or necessity of presenting proof concerning the racial descent of the decedent at the time of the hearing, and presently has direct evidence that he was also of African descent.

With consideration to the request for a rehearing, it is noted that the finding that the claimant was not the lawful wife of the decedent rests entirely on the testimony of the claimant, that she is of African descent, and that the decedent had told her that he was mixed breed, Mexican and French. In undisputed testimony it was shown that there had been a long co-habitation of the claimant and the decedent as wife and husband, and up to the time of his death.

The record of the hearing held before the Commissioner reflects no pleading of specific reference to miscegenation or to intermarriage affected by racial differences, and throughout the hearing the subject of racial descent in its possible legal significance was not mentioned. The claimant at the hearing was without representation by an attorney and without benefit of legal counsel.

The record reflects that the claimant was without legal training or experience in presenting a claim under the Workmen's Compensation Law.

It is apparent that throughout the hearing and until after the hearing had closed, the claimant then acting without legal counsel, was wholly ignorant and uninformed on the point that the subject of racial descent was of any importance or might become of importance in the proceeding to establish her claim for death benefits, or that available evidence, if any existed on the point, might be of importance in the hearing.

The testimony given at the hearing in so far as it pertains to the racial descent of the decedent, was of the character of hearsay evidence and such as would appear somewhat inconclusive as against any direct evidence that the decedent was of African descent. At the hearing before the Commission en banc the claimant made a showing of available direct evidence to the ef-

fect that the decedent was of African descent and of the same racial descent as the claimant.

In all the circumstances above noted, as occurred at the hearing before the trial commissioner and at the hearing upon appeal to the entire Commission, we are persuaded that at the hearing before the trial commissioner the claimant, in her own but excusable fault, was prevented from having a full and complete hearing on the question of her being the lawful wife of the decedent, and as such a proper claimant under the Death Benefits Act of the Workmen's Compensation Law.

In statute it is declared that either party feeling himself aggrieved by an order, decision or award of trial commissioner shall be allowed an appeal to the entire Commission as a matter of right upon filing notice of such appeal. 85 O.S.1951 § 77. The statutes provide:

> "Upon the filing of such appeal, the entire Commission, or a majority thereof, sitting as a body shall hear such appeal, and upon completion thereof shall issue such order, decision or award as it may deem proper, just and equitable."

In consideration to the terms of the statute, that the Commission "shall issue such order, decision or award as it may deem proper, just and equitable", we think the statute clearly empowers and makes it the duty of the Commission to hear and determine a request for rehearing made and presented at the hearing of such an appeal from an order of the trial commissioner.

Upon appeal from an order, decision or award of the Commission and a request for rehearing presented to the Commission, this court will examine the entire record and will direct such order as we may deem proper, just and equitable as between the parties.

In the view above stated that the claimant, without fault or in excusable fault, was prevented from, and failed to have a full and complete hearing on her claim before the trial commissioner, we

hold she is entitled to a rehearing on said claim.

The order denying an award is vacated and the cause remanded for a full and complete hearing on all phases of the claim consistent with the views above expressed.

JOHNSON, C. J., WILLIAMS, V. C. J., and DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.

CORN, J., concurs in result.