LINCOLN ROCK CORPORATION, and Argonaut Insurance Company, Petitioners,

v.

Calvin C. VOYLES, and the State Industrial Court, Respondents.

No. 49787.

Supreme Court of Oklahoma.

Jan. 23, 1979.

E. W. Keller, Keller & Fernald, Oklahoma City, for petitioners.

Gary Beadles, Hatcher & Beadles, Pauls Valley, for respondents.

IRWIN, Justice:

Calvin C. Voyles (claimant) filed his claim for compensation alleging he had sustained an accidental injury to his low back on June 30, 1975, during his employment. Claimant was a "physically impaired person" at the time of his 1975 injury because he had sustained injuries to his back in 1973 and had settled his claim for the 1973 injury on joint petition for 35% permanent partial disability to the body as a whole.

The trial judge found that as a result of the 1975 injury claimant sustained 80% permanent partial disability to his body as a whole and compensation was awarded accordingly. This award was affirmed on appeal to the Industrial Court en banc. Lincoln Rock Corporation and its compensation insurance carrier (petitioners) seek review of this order.

85 O.S.1971, § 172, prescribes the manner in which compensation benefits are to be determined where a "physically impaired person" receives an accidental injury. In J. C. Penney Company v. Crumby, Okl., 584 P.2d 1325 (1978), this Court discussed in detail an industrial court award that presented issues similar to those presented in the case at bar. In Crumby, supra, this Court said:

"Under sec. 172, when a 'physically impaired person' receives an accidental injury, he is entitled to receive 'full compen-

sation as now provided by law for the disability resulting directly and specifically from such subsequent injury, and in addition thereto such employee shall receive full compensation for his combined disability * * *, after deducting therefrom the percent of that disability that constituted the employee a "physically impaired person".' The first responsibility falls upon the employer who is liable 'for the disability resulting directly and specifically from such subsequent injury.' However, the ensuing language, 'provided the employer shall be liable only for the degree of percent of disability which would have resulted from the latter injury if there had been no pre-existing impairment,' clearly shows an employer's liability extends only to the disabilities resulting from the subsequent injury, and does not include disabilities that constituted claimant a 'physically impaired person' or any increase in disability due to a combination of disabilities."

The joint settlement agreement wherein claimant received 35% disability to the body as a whole determined the rights and liabilities of the parties in that proceeding. However, this was not an adjudication of the claimant's physical condition in futuro and did not establish his degree of disability at the time he sustained the 1975 injury. His degree of disability at that time was a material issue in determining claimant's claim.

The only medical evidence that will support the award is the deposition testimony of Dr. E. He testified that claimant was one hundred percent disabled to perform ordinary labor, "he can't do anything," with "eighty percent due to June 30, 1975, twenty percent as of the 1973 accident." When this testimony is considered with other evidence, it is clear that Dr. E. was of the opinion that claimant was 100% permanently disabled, with 20% physical impairment sustained by reason of the 1973 injury and 80% disability to the body as a whole as a result of the last injury. There is sufficient medical evidence to support the award and

meet the guidelines set forth in *Crumby*, supra, in reference to the evidence.

In *Crumby*, we said that when a physically impaired person receives a subsequent injury it is necessary for the State Industrial Court to make findings consistent with 85 O.S.1971, § 172. Insofar as pertinent here, one of the necessary findings would be the degree of disability that rendered claimant physically impaired person at the time of the subsequent injury. In *Crumby* we did not consider whether our holding would be prospective in operation for the reason the medical evidence was insufficient even if the necessary findings had been made. In our opinion, an orderly administration of the Workmen's Compensation Laws necessitate our holding herein to have prospective operation, i. e., from and after this decision shall become final when a physically impaired person receives a subsequent injury and seeks compensation for the subsequent injury, it is necessary for the State Industrial Court to make a finding as to the degree of disability that rendered the claimant a physically impaired person at the time of the subsequent injury.

Petitioners advance another claim of error which relates to their motion for a new trial based upon newly discovered evidence that was filed with the Court en banc. Attached to the motion for a new trial was an affidavit of petitioners' counsel stating that: the award was entered on January 13, 1976, and on or about May 9, 1976, counsel discovered claimant had returned to construction work; that prior to the award counsel made diligent search to learn whether or not claimant had returned to doing any work and was unable to obtain such information; that such newly discovered evidence is not merely cumulative, corroborative nor impeaching, but is new and important evidence and contrary to the testimony of the claimant's doctor, Dr. E., who stated "I think without surgery he will never be able to do any type of ordinary manual labor, even minimal"; and that such evidence would and should change the result of the previous trial.

Claimant filed no pleading or instrument controverting the above affidavit and the Court en banc made no reference to petitioners' motion for a new trial but merely adopted and affirmed the order of the trial judge.

No motion for a new trial, petition for rehearing, or motion to vacate is authorized or necessary for review of an order or award entered by the State Industrial Court. *B. F. Goodrich Company v. State Industrial Court*, Okl., 429 P.2d 787 (1967). Although State Industrial Court Rule 17 limits en banc hearings to the record before the trial judge, strict application of the rule clearly could be a means of denying the parties a full opportunity to introduce competent evidence bearing upon claimant's entitlement to an award. In *Rodriquez v. Utilities Eng. and Const. Co.*, Okl., 281 P.2d 946 (1955) we said:

"In statute it is declared that either party feeling himself aggrieved by an order, decision or award of trial commissioner shall be allowed an appeal to the entire Commission as a matter of right upon filing notice of such appeal. 85 O.S.1951 § 77. The statutes provide:

'Upon the filing of such appeal, the entire Commission, or a majority thereof, sitting as a body shall hear such appeal, and upon completion thereof shall issue such order, decision or award as it may deem proper, just and equitable.'

In consideration to the terms of the statute, that the Commission 'shall issue such order, decision or award as it may deem proper, just and equitable', we think the statute clearly empowers and makes it the duty of the Commission to hear and determine a request for rehearing made and presented at the hearing of such an appeal from an order of the trial commissioner.

Upon appeal from an order, decision or award of the Commission and a request for rehearing presented to the Commission, this court will examine the entire record and will direct such order as we may deem proper, just and equitable as between the parties."

The Court en banc had the authority and the duty to hear and determine petitioner's request for rehearing. The statements in petitioners' affidavit that claimant had returned to construction work were uncontroverted. This was newly discovered evidence and was in direct conflict with the medical evidence that claimant was totally disabled and "can't do anything." Petitioners were entitled to have their newly discovered, uncontroverted evidence considered and determined by the Court en banc in disposing of the appeal. Since the Court en banc failed to make a specific finding on this issue and the statements in the affidavit were uncontroverted, the cause must be remanded to the trial judge for further proceedings. *Rodriquez v. Utilities Eng. and Const. Co.*, supra.

The record discloses another matter which requires discussion. The trial judge's order directed respondent to pay "* * * the award * * * at the rate of $125.00 per week the accrued portion * * *, being 12 weeks at $125.00 per week, or $1,500.00 being payable at this time, and continue payments of $125.00 per week until the total award of $20,000.00 * * * is paid." Upon remand the matter of payment shall be determined as set forth in *Independent School Dist. No. 1 of Tulsa County v. Albus*, Okl., 572 P.2d 554 (1977).

ORDER VACATED AND REMANDED FOR FURTHER PROCEEDINGS.

IRWIN, V. C. J., and WILLIAMS, HODGES, BARNES, SIMMS, DOOLIN and OPALA, JJ., concur.

LAVENDER, C. J., and HARGRAVE, J., dissent.