**B. F. GOODRICH, Petitioner,**

v.

**Kenneth FROST and Workers' Compensation Court, Respondents.**

**No. 53671.**

Supreme Court of Oklahoma.

June 9, 1981.

Robert S. Gee, Wallace & Owens, Inc., Miami, for petitioner.

Jack C. Brown, Miami, for respondent, Kenneth Frost.

BARNES, Vice Chief Justice:

Kenneth Frost filed a Workers' Compensation Claim in June of 1978, alleging that he had sustained an accidental injury to the right side of his rib cage, right shoulder, and upper back, on April 12, 1978, during the course of his employment. At that time, claimant was a "physically impaired person", as he had sustained an injury to his hand in 1977 and had been awarded a 16% permanent partial disability to the body as a whole. The Workers' Compensation Court found that as a result of the 1978 injury, the claimant had a 19% permanent partial disability to the body due to the right shoulder injury and a 15% permanent partial disability due to the upper back injury.

Additionally, the Court also found that at the time of the 1978 injury, the claimant was 16% permanently disabled to the body as a whole due to a prior adjudication of a 1977 industrial injury to his back.

The employer, B. F. Goodrich, appeals from the trial court's order, raising a single issue on appeal.

The sole issue raised on appeal is whether the medical evidence before the court was sufficient to support the court's findings that the claimant was 16% partially permanently disabled to the body as a whole at the time of the latest injury, due to a prior adjudication of a 1977 industrial injury.

In *Lincoln Rock Corporation v. Voyles,* 590 P.2d 186, 188 (Okl.1979), this Court stated:

"... [W]hen a physically impaired person receives a subsequent injury and seeks compensation for the subsequent injury, it is necessary for the State Industrial Court to make a finding as to the degree of disability that rendered the claimant a physically impaired person at the time of the subsequent injury."

■ In reaching this holding, we noted that an adjudication of a claimant's disability by the Workers' Compensation Court was not an adjudication of the claimant's physical condition in futuro and does not establish a claimant's degree of disability at the time of any subsequent injury. We also hold that the degree of disability of a "physically impaired person" at the time of a subsequent injury is a material issue in determining claimant's cause.

While still recognizing the necessity of a finding by the Workers' Compensation Court of the degree of disability that renders the claimant a physically impaired person *at the time of the subsequent injury,* experience with this requirement has demonstrated the difficulty of the requirement. It is often difficult, if not impossible, for a physician examining a claimant after the subsequent injury to determine the claimant's condition just prior to the injury. Burdening the claimant with such an evidentiary requirement thus, at times, presents the claimant with a near impossible burden. In short, our experience in such cases has led this Court to conclude that a strict adherence to the burdens established in *Lincoln Rock Corporation v. Voyles, supra,* would, at times, result in the

denial of legitimate claims, and indirectly result in windfalls to employers, who would escape liability for subsequent injuries merely because the claimant was unable to prove his exact condition just prior to the injury. Recognizing this, and also recognizing that it would also be inequitable to place the burden upon employers to show the condition of their physically impaired employees just prior to subsequent injuries, we adopt today an evidentiary presumption which will allow physically impaired employees to recover in situations where proof of their condition just prior to subsequent injury is difficult or impossible, and which, at the same time, does not burden employers with additional liability.

■ Under this presumption, it will be presumed that the physical condition of a physically impaired employee has not. changed since the last adjudication of his or her condition, and that the employee was in the same physical condition, as that adjudicated in the past, at the time of his or her subsequent injury.

■ This presumption will, of course, be rebuttable. The party wishing to show a change shall have the burden of coming forth with the evidence and the burden of persuasion. Additionally, the mere fact that one or both of the parties present some evidence attempting to rebut the presumption shall not operate to destroy the presumption, unless the trier of fact finds that one of the parties has met the burden of persuasion—persuaded the Court, by a preponderance of the evidence, that the claimant's physical condition has changed, one way or the other, since the prior adjudication.

Because neither of the litigants before us could have anticipated our adoption of an evidentiary presumption, and because the case before us is one in which apparently it was difficult to determine the exact condition of the physically impaired claimant just prior to his subsequent injury, we believe the ends of justice will be met by remanding the cause to the Workers' Compensation Court where it can be tried, employing the evidentiary rule adopted today.

AWARD REVERSED AND CAUSE RE-MANDED FOR A NEW TRIAL.

IRWIN, C. J., and HODGES, SIMMS, DOOLIN, HARGRAVE and OPALA, JJ., concur.

LAVENDER, J., dissents.