**Barbara E. GREGORY, Petitioner,**

v.

**TACO MAYO, Own Risk and the Workers' Compensation Court, Respondents.**

**No. 70472.**

Court of Appeals of Oklahoma, Division No. 1.

March 21, 1989.

Rex D. Brooks, Oklahoma City, for petitioner.

Milton Moon, Oklahoma City, for respondents.

## MEMORANDUM OPINION

HANSEN, Judge:

Claimant sustained two injuries to her back and neck while employed by Respondent Taco Mayo, one in November of 1985, and the second in October of 1986. She timely filed separate Form 3's for each injury on October 27, 1986. The trial court awarded her benefits for temporary total disability arising out of the 1986 incident.

At the subsequent hearing on Claimant's claim for permanent partial disability, the trial court while recognizing the injury, found no permanent partial disability. In a split decision, the three-judge panel affirmed. Claimant argues on appeal the trial court should have considered both claims together in that her permanent disability is a result of both injuries. We agree.

Dr. G. on behalf of Claimant rated her permanent disability as "39% of the whole person, with 31% given to the back and 12% to the neck." She stated the two values were derived and combined in accord with the AMA "Guides." In her deposition, Dr. G said she felt Claimant's disabilities were due to the 1986 accident, but could not definitely state that some of the disability was not attributable to the earlier 1985 accident with the same employer.

The 1985 injury had never been adjudicated, and the claim was still pending at the time of trial. Consequently, Claimant was not a "physically impaired person" as defined by 85 O.S.1987 Supp. § 171. But we find the reasoning espoused in *B.F. Goodrich v. Frost,* 630 P.2d 321 (Okla.1981) to be applicable to the present situation where a worker's disability is attributable to more than one injury *with the same employer.* The Supreme Court therein recognized the difficulty in attributing degrees of impairment to subsequent injuries. It held that a strict adherence to such proof could "result in the denial of legitimate claims, and indirectly result in windfalls to employers, ... merely because the worker was unable to prove his exact condition just prior to the injury."

In accordance therewith, we believe that to require a worker to prove the exact percentage of his impairment that resulted from each injury sustained during employment with the same employer under these circumstances would be a miscarriage of justice.

We therefore hold that when a worker proves he sustained an injury or injuries arising out of and in the course of his employment with a single employer, it is immaterial what proportion of his injuries arose out of each accident as long as his claim is timely filed. Dr. G.'s medical report was not incompetent because of its failure to state with specificity what percentage of Claimant's impairment arose from the latter 1986 injury. *See also Standard Roofing & Material Company v. Ross,* 279 P.2d 947 (Okla.1955)

Respondent offered the medical report of Dr. Y. who did not feel Claimant had sustained any permanent partial disability due to the 1986 injury. On appeal Claimant does not suggest this evidence was incompetent. For this reason we vacate the order of the trial court and remand with directions to consider both claims together for a single finding of the amount of permanent partial disability sustained by Claimant arising out of and in the course of her employment with Respondent.

VACATED AND REMANDED WITH DIRECTIONS.

HUNTER, P.J., and MacGUIGAN, J., concur.