**Donald F. WANKO, Petitioner,**

v.

**PONCA ELECTRIC, Western Casualty Insurance, and the Workers' Compensation Court, Respondents.**

**No. 74680.**

Court of Appeals of Oklahoma, Division No. 4.

March 5, 1991.

Rehearing Denied April 9, 1991.

Certiorari Denied June 11, 1991.

Fred L. Boettcher, Walt Brune, Boettcher & Brune, Ponca City, for petitioner.

Gary W. Sleeper, Wiles, Sleeper & Mason, Oklahoma City, for respondents.

STUBBLEFIELD, Judge.

On August 9, 1983, Claimant Donald F. Wanko was awarded compensation for a work-related back injury. On November 30, 1988, Claimant filed a motion to reopen on change of condition for the worse and for temporary total disability from October 18, 1988. On February 13, 1989, the trial court's order for compensation for temporary total disability and for Employer Ponca Electric to furnish necessary medical treatment was filed.

Employer timely filed its notice of appeal to a three-judge panel. When the cause came before the three-judge panel, Employer filed a "motion for new trial for newly discovered evidence," consisting of medical reports "which were unknown to [Employer] at the time of trial in this matter." The compensation court heard oral argument and gave each party five days "in which to furnish appropriate authority for his respective position regarding [Employer's] motion for new trial." The three-judge panel ultimately granted the motion for new trial and vacated the trial court's order and remanded for a new trial.

On remand, the trial court found that Claimant had not sustained a change of condition for the worse, not because Claimant's condition was not worse, but for the reason "that any of his present complaints are due to a subsequent intervening injury of JANUARY 21, 1986." Claimant appeals

from the three-judge panel's order granting a new trial and from the order of the trial court finding on remand that Claimant had not sustained a change of condition for the worse.

■ Claimant correctly asserts that because the ruling of the three-judge panel vacating the earlier trial court decision and remanding for new trial was an interlocutory order, he could not have appealed from the grant of new trial until there was a final appealable order. Indeed, 85 O.S. Supp.1988 § 3.6, is applicable to appellate procedures, including appeals taken to a three-judge panel. Under that provision, it was held in *Hermetics Switch, Inc. v. Sales,* 640 P.2d 963 (Okla.1982), that an order of a three-judge panel which vacates the trial court's award or order and directs that the trial court rehear the case is a nonreviewable interlocutory disposition, and any claimed three-judge panel errors would be available for corrective relief after the subsequent disposition in the case which is reviewable by law. Thus, Claimant can assert any claim of error made by the three-judge panel in granting Employer's motion for new trial.

Four of Claimant's five propositions of error relate to his claim that the three-judge panel erred by vacating the February 13, 1989, order and remanding the cause for a new trial based upon Employer's claim of newly-discovered evidence. Citing *Snyder v. Smith Welding & Fabrication,* 746 P.2d 168 (Okla.1986) (supplemental opinion, 746 P.2d 171 [Okla.1987]), he first contends that the motion for new trial to the three-judge panel was unauthorized and unavailable in Workers' Compensation Court procedures, and that any motion was untimely when made more than twenty days after the decision of the trial court was sent to the parties.

Indeed, the court in *Snyder,* 746 P.2d at 170, stated:

> One who is aggrieved by a decision of the trial judge of the Workers' Compensation Court has three available remedies: (a) he can appeal to a three-judge review panel within ten days of the date the order or award is sent; (b) he can file a proceeding for review in the Supreme Court within 20 days after the trial judge's order is sent; or (c) he can, upon notice to the opposite parties and after an adversary hearing, secure vacation of the adverse decision by order *which must be sent to the parties within the 20–day statutory period that runs from the date the decision which is to be set aside has been sent.* (Footnotes omitted.)

Thus, the court in *Snyder* emphasized that it is the trial court which "may within a period of twenty days *from the day the decision was sent to the parties,* vacate its order or award, either *sua sponte* or upon application of the party affected." *Id.* at 169 (footnotes omitted). In a footnote, the court in *Snyder* noted that 12 O.S.1981 § 651, provides for and defines the function of a motion for new trial in district courts *only* and added that "[t]he legislature has not authorized a similar procedural device to secure judicial reconsideration of an order or award made in the Workers' Compensation Court." *Id.* at 170 n. 11.

The appellate procedures set forth at 85 O.S. Supp.1988 § 3.6, provide that "[a]ppeals shall be allowed on a question of law or a question of fact, or a mixed question of law and fact, and *shall* be determined on the record made before the Judge." (Emphasis added.) Likewise, Workers' Compensation Court Rule 28(A), 85 O.S. Supp.1988, ch. 4., app., provides: "Appeals to the three judge panel *shall be strictly on the record made before the trial court.* No new evidence shall be allowed." (Emphasis added.) Therefore, when the mandatory language of the statutory provisions for appeals from an order of the Workers' Compensation Court and the Workers' Compensation Court Rules are read in conjunction with the language of *Snyder,* it seems clear that the three-judge panel could not review Employer's motion for a new trial based upon newly-discovered evidence.

Yet, the Oklahoma Supreme Court in *Lincoln Rock Corp. v. Voyles,* 590 P.2d 186, 189 (Okla.1979), ruled that "[t]he Court en banc had the authority and the

duty to hear and determine petitioner's request for rehearing" based upon newly-discovered evidence. The court rationalized that "strict application of the rule clearly could be a means of denying the parties a full opportunity to introduce competent evidence bearing upon claimant's entitlement to an award." *Id.* at 188.

If the *Voyles* court created an equitable exception to the clear statutory directives regarding the scope of review of the three-judge panel, and if that equitable exception is still extant, then it is clear that such a rule would carry with it certain baggage. Such an equitable rule allowing review of new evidence would, unquestionably, also require that which the common law requires and which is also statutorily required—that the newly-discovered evidence be such that it "could not, with reasonable diligence, have [been] discovered and produced at the trial." 12 O.S.1981 § 651 (Seventh). Herein, it is clear that Employer did not make such a showing, and that, indeed, such was not the case.

The affidavit of Employer's counsel in support of the motion for new trial stated that "during the month of December, 1988, the Insurance Carrier and counsel for [Employer] and Insurance Carrier were advised by the employer that the employer had reason to believe that the Claimant had sustained an intervening accidental personal injury." He further acknowledged that on January 23, 1989, the insurance carrier had received information from the Southwest Index Bureau which indicated that "Claimant had sustained an accidental injury on or about January 21, 1986." Employer's counsel received the report in his office seven days before trial. The affidavit details the efforts to obtain the medical records from the Underwriters Adjusting Company.

The records obtained showed correspondence from Claimant's treating surgeon and his treating chiropractors which were attached to the motion for new trial. Sev-

eral letters, the first dated February 18, 1986, from the surgeon to the chiropractors revealed that he had seen Claimant after referral "with chief complaint of injury on the job 1–21–86." A second letter from the surgeon to the chiropractors was sent on February 27, 1986, and a copy was sent to Ponca Electric.[1] Ponca Electric was sent a copy of a letter the treating surgeon had sent to an insurer. The treating surgeon was one of the medical experts relied upon by Claimant in the February 7, 1989, hearing.

Therefore, when Employer's counsel became aware of a possible intervening injury, a simple request to Claimant's treating surgeon for copies of all his records relating to Claimant and to his treatment would have revealed the purported January 21, 1986, incident. Of special significance is a copy of a Form 2, Employer's First Notice of Injury, filed March 3, 1986, which indicated that Claimant, on January 21, 1986, had strained his back "while pulling in a large electrical service." Not only were the physicians aware of the incident, but Employer itself had knowledge well before the motion to reopen was filed.

■ Employer attempts to discredit Claimant and the treating physicians because they denied or did not report a separate incident on January 21, 1986. *However, at the hearing on remand, Employer's owner also stated that he did not consider the 1986 incident to be a new injury but that Claimant had had on-going back problems and when he had reported to Employer the increased intensity of the problem, Employer had completed the Form 2 and authorized medical treatment.* Therefore, it is clearly understandable that Claimant did not consider that he had sustained a new injury but had merely experienced exacerbation of an existing problem.

Therefore, we find that any evidence Employer presented to support its motion for

---

**1.** In its brief in support of its motion for new trial, Employer stated that although it was the employer in 1983, ownership had changed hands prior to the alleged 1986 intervening injury and copies of the letters had been sent to Ponca Electric but not to the 1983 owner. At the December hearing, it was brought out that the owner of Ponca Electric in 1986 was the manager and supervisor at the time Claimant was first injured in 1982.

new trial could not only have been discovered with any diligence prior to the trial on February 7, 1989, but, indeed, was known all along by Employer. And if the three-judge panel was empowered to hear the motion for new trial, its order is clearly contrary to law and without evidentiary support.

Based upon the foregoing, we vacate the order of the three-judge panel and the trial court order of December 14, 1989, and reinstate the order of February 13, 1989, and remand the cause to the three-judge panel with instructions to deny the motion for new trial and to determine the appeal of the order of February 13, 1989, on the merits.

BACON, V.C.J., and RAPP, J., concur.