**EDMOND PUBLIC SCHOOLS, and the State Insurance Fund, Petitioners,**

v.

**Raymond L. COOK, and the Workers' Compensation Court, Respondents.**

No. 79742.

Court of Appeals of Oklahoma, Division No. 1.

Dec. 15, 1992.

Rehearing Denied March 2, 1993.

Certiorari Denied May 4, 1993.

David Custar, Oklahoma City, for petitioners.

Sidney A. Musser, Jr., Harry J. Kouri, III, Oklahoma City, for respondents.

## MEMORANDUM OPINION

JONES, Judge:

Edmond Schools seek review of the Court En Banc's Order affirming an award of compensation for Raymond L. Cook (Claimant). Edmond Schools assert, herein, Claimant's medical evidence is incompetent to support the trial court's award.

Claimant allegedly sustained a work related injury to his lower back while working as a custodian for Edmond Schools. At hearing on January 22, 1992, the trial court awarded Claimant 10% permanent partial disability to the body as a whole, *over and above* a pre-existing 42.5% disability to the back. On appeal to the Court En Banc, the Three Judge Panel affirmed the decision of the trial court. Edmond Schools and insurance carrier have perfected this appeal to this Court.

■ On review, Edmond Schools argues the competency of the medical report of Claimant's medical expert, Dr. H, and refers to a prior back injury and subsequent settlement in 1988 between Claimant and a previous employer, Balcor Property Management. We find the "any competent evidence test" of *Parks v. Norman Municipal Hospital*, 684 P.2d 548 (Okl.1984), is inapplicable to the present case. *Parks* does not support the affirmation of an award by an incompetent medical report or the lack of a factual finding derived from examination of the record.

■ In *Special Indemnity Fund v. Stockton*, 653 P.2d 194 (Okl.1982), the Oklahoma Supreme Court addressed the issue of explicit guidelines for the written medical evidence pertaining to an award of permanent total disability. Although the present case does not pertain to total disability, the *Stockton* Court recognized the general rule that an award of compensation must rest on competent evidence when it is supported by the general tenor, and the intent of the medical testimony. However, a mere statement that a claimant has a certain percentage of disability, which happens to be greater than the amount previously awarded at a prior hearing, is insufficient, and there must be evidence of a medical nature indicated through objective findings, tests, and examinations. The evaluation must be more than a mere numbers game. A medical opinion relative to the mere percentage of disability contained in a medical report is not sufficient to

constitute "competency" under The Workers' Compensation Act. 653 P.2d at 200.

Reviewing Dr. H's medical report in that light, we find that it is insufficient to support the award of 10% partial disability to the body as a whole. That portion of the report, referring to Claimant's previous back injury, is in substantial disaccord with *Stockton*, the most notable insufficiency being: the previous injury of Claimant is never even described. Dr. H instead makes broad statements such as "He injured his back in 1987 and was awarded a 43% permanent partial disability", but fails to describe the injury. Later Dr. H states that "... the patient [Claimant] had a 20% permanent partial disability of the whole person from the residual from his previous back injury ... his present impairment is 32.5% of the whole person, over and above any previous impairment." Dr. H's report provides no basis for a determination of 20% "residual" disability from Claimant's previous back injury. This mere statement, relative to the percentage of disability for a prior injury, without a more detailed description of that injury, is insufficient to support the award of the trial court. *Stockton*, 653 P.2d at 199–200.

*B.F. Goodrich v. Frost*, 630 P.2d 321 (Okl.1981), stands for the proposition that there exists a rebuttable presumption the physical condition of a previously injured worker has not changed since the adjudication of his prior injury, and the party wishing to show a change in condition from the earlier adjudication has the burden of coming forward with persuasive evidence. Applying this reasoning to the present case, the trial court fails to adequately explain its determination in arriving at the exact percentage of the pre-existing disability in the present case.

■ Finally, the degree of prior disability is to be figured on the date of the subsequent injury, not on the date of hiring. That degree of prior disability is to be considered a fact question to be determined on the evidence, and competent medical evidence must be admitted to support Claimant's percentage of recovery from his prior injury. *Special Indemnity Fund v.*

*Washburn*, 722 P.2d 1204, (Okl.1986). There is a rebuttable presumption that a previous impairment had not changed since the last adjudication. *Frost*, supra. The *degree* of a previous disability is a material issue in determining a claim, and requires a factual finding derived from an examination of the evidence. *Washburn*, 722 P.2d at 1207.

Reviewing the medical evidence, the record shows the 1988 injury was settled through a joint petition by Claimant with Balcor for $40,000.00. Claimant's medical expert initially attributes 43% to the prior impairment, then states, without explanation, Claimant has a 20% residual disability from his previous back injury. Edmond Schools' medical expert, Dr. P, opines a 46.2% permanent partial disability to the body as a whole as a result of the 1988 injury, but neither party provides us with an adjudication by the Court determining an exact percentage of Claimant's 1988 disability. As previously stated, the trial court, found the pre-existing injury to be 42.5%, and the Court En Banc affirmed the trial court. We canvass the facts only for the purpose of ascertaining whether the tribunal's decision is supported by competent evidence. *Parks*, supra, 684 P.2d at 552.

■ Where there is an absence of competent evidence to support a material finding of fact to sustain an award of the Workers' Compensation Court, it will be vacated as a matter of law. See *City of Tulsa v. State Industrial Court*, 424 P.2d 966 (Okl.1967). Applying this criteria to the present case, we find the medical report submitted by Claimant's expert witness, Dr. H, is not competent to support the trial court's award, and consequently, is insufficient to affirm the Three Judge Panel.

VACATED.

ADAMS, P.J., and GARRETT, J., concur.