**CONSOLIDATED BUSINESS and the State Insurance Fund, Petitioners,**

v.

**Bobby Ray WILLIAMS and the Workers' Compensation Court, Respondents.**

No. 82832.

Court of Appeals of Oklahoma, Division No. 3.

Aug. 9, 1994.

Ordered Published Sept. 6, 1994.

---

John R. Schneider, State Insurance Fund, Oklahoma City, for petitioners.

Gary Payne, Aaron Murphy, Oklahoma City, for respondents.

*MEMORANDUM OPINION*

HUNTER, Judge:

Bobby Ray Williams (Claimant) sought workers' compensation benefits for permanent partial disability (PPD) resulting from a 1991 back injury during his employment with Consolidated Business. Claimant previously had been awarded benefits for 1975 and 1982 back injuries upon findings of 27½% and 25% PPD. Claimant's case went to trial on the issue of the extent of his additional PPD resulting from the 1991 back injury.

Both parties stipulated to a 52½% pre-existing disability at the time of the 1991 back injury. Claimant offered into evidence the medical report of Dr. H, who determined that Claimant had 30% pre-existing disability and an additional 24% disability from the 1991 injury, totalling 54% PPD. Dr. H's report was admitted into evidence over the objection of the State Insurance Fund (Fund), which objected to the admission of Dr. H's report on the ground that it was incompetent, not credible and lacked probative value due to the inaccurate history of the prior awards and the failure of Dr. H to state his basis for determining a different pre-existing disability than had been previously adjudicated. The Fund offered into evidence the medical report of Dr. Y, who found a 52½ % pre-existing disability and 5% additional disability from the 1991 injury. Upon consideration of this evidence, the trial court entered an order awarding benefits upon a finding that Claimant had 45% pre-existing disability and sustained 11% PPD due to the 1991 injury. The Fund appealed the order to a three-judge panel of the Workers' Compensation Court, which affirmed the trial court's order. The Fund now alleges in this review proceeding that the three-judge panel's order is not supported by competent evidence and should be vacated. We agree.

 Permanent disability must be proven or refuted by medical expert testimony. *Collins v. Halliburton Services,* 804 P.2d 440 (Okl.1990). Competent medical evidence is essential to prove a claim. *Johnston v. Marten Transport,* 842 P.2d 763 (Okl.App.1992). Generally, a decision of a three-judge review panel of the Workers' Compensation Court will not be vacated on review if it is sup-

ported by any competent evidence. *Owings v. Pool Well Service,* 843 P.2d 380 (Okl.1992). However, where there is an absence of competent evidence to support a material finding of fact to sustain an award, it will be vacated as a matter of law. *City of Tulsa v. State Industrial Court,* 424 P.2d 966 (Okl.1967); *Edmond Public Schools v. Cook,* 852 P.2d 777 (Okl.App.1992).

■ The trial court was required to find the degree of Claimant's disability immediately before the 1991 injury pursuant to *J.C. Penney Co. v. Crumby,* 584 P.2d 1325 (Okl. 1978). That degree of prior disability is a fact question and competent medical evidence was required to support Claimant's percentage of recovery from his prior injury. *Special Indemnity Fund v. Washburn,* 722 P.2d 1204 (Okl.1986). There is a total absence of any competent evidence to support the three-judge panel's affirmance of the trial court's finding of 45% pre-existing disability. As noted above, the parties clearly stipulated to a pre-existing disability of 52½%, which was the combined percentage from Claimant's 1975 and 1982 adjudicated PPD. A stipulation admitting or agreeing to the existence of designated facts for the purpose of trial is binding upon the parties and the court. *Bonner v. Oklahoma Rock Corporation,* 863 P.2d 1176 (Okl.1993); *City of Lawton v. Lewis,* 566 P.2d 133 (Okl.1977). The trial court was thus bound by the parties' stipulation of 52½% pre-existing disability and its finding of 45% contrary to the stipulated pre-existing disability is not supported by competent evidence and must be vacated as a matter of law.

■ Furthermore, there existed a rebuttable presumption that the physical condition of the Claimant had not changed since the adjudication of his prior injury and Claimant had the burden of coming forward with persuasive evidence that his condition had changed since the prior adjudication. *B.F. Goodrich v. Frost,* 630 P.2d 321 (Okl.1981). Here, as in *Edmond Public Schools v. Cook, supra,* the trial court failed to explain how the court arrived at a percentage of pre-existing disability that differed from the stipulated percentage. Claimant's medical evi-

dence also failed to support the finding of 45% pre-existing disability.

Dr. H's finding of 30% pre-existing disability was not based upon objective findings, tests and examinations. Rather, Dr. H offered no explanation as to how he arrived at Claimant's pre-existing disability percentage. He made only a broad statement concerning the percentage of Claimant's prior disability and did not acknowledge Claimant's prior adjudicated PPD percentages. This broad conclusion, not based upon a detailed description of the prior injuries, was insufficient to support the trial court's award and was not competent evidence. *Special Indemnity Fund v. Stockton,* 653 P.2d 194 (Okl.1982); *Edmond Public Schools v. Cook, supra.*

Because Claimant's medical evidence was not competent and lacked probative value, the only remaining medical evidence for the court's consideration was the report of Dr. Y, who assessed Claimant with a 5% PPD above that attributable to his prior adjudicated disability percentage of 52½%. Dr. Y's report was admitted into evidence without objection from Claimant. Thus, it was the only competent evidence before the trial court. The court's finding of 11% PPD over and above Claimant's prior adjudicated PPD is outside the range of the competent evidence admitted at trial. The three-judge panel's order affirming the trial court's determination of 45% pre-existing disability and 11% attributable to the 1991 injury is not supported by competent evidence and is contrary to law. The order is hereby vacated and this matter is remanded with instructions to enter an award for Claimant based on a determination of 52½% pre-existing disability and 5% PPD based on Claimant's 1991 injury.

ORDER VACATED AND REMANDED WITH INSTRUCTIONS.

GARRETT, V.C.J., and ADAMS, J., concur.