HERITAGE VILLAGE and Metropolitan
Health Care, Petitioners,

v.

Beverly J. MMAITSI and The Workers'
Compensation Court, Respondents.

No. 82934.

Court of Appeals of Oklahoma,
Division No. 1.

July 18, 1995.

D. Wade Christensen, T.P. Howell, Oklahoma City, for petitioners.

Roger B. Hale, Philip D. Ryan, Oklahoma City, for respondent.

### MEMORANDUM OPINION

JONES, Judge:

Beverly J. Mmaitsi filed a workers' compensation claim alleging she sprained her right ankle while performing her duties as a nurse's aid at Heritage Village Nursing Home. The trial court granted an award. Six days *after* the trial judge's order awarding temporary total disability was filed, the court filed an order for an independent medical examination.

The examination was conducted and the report was dated exactly one month before the appeal was heard by the three judge panel. Petitioner filed an application for an order in this review proceeding directing the Workers' Compensation Court to reconsider its ruling. The ruling on this motion was

deferred until the decisional stage by the Supreme Court. The application recites the independent medical examination was ordered after the trial court issued a final order and then, of course, the report was also filed after the final order, but before the three judge panel review stage.[1]

The motion also lists other post decisional activity. Dr. F., the independent medical examiner, was deposed and stated that had he known Claimant's ankle hurt when she went to work that day, he would have concluded, contrary to his previously filed written report, that the injury was not work related. Failure to consider this newly discovered evidence is alleged by Petitioner to be error. Petitioner realizes that under Rule 31(A) of the Workers' Compensation Court he could not have obtained a rehearing before the assigned trial judge, and Petitioner additionally recognizes that under subsection (B) of the same rule he cannot expect the three judge panel to consider his favorable new evidence. Petitioner here asserts that failing to afford a process for remand to consider this evidence anew is error. As stated in *Lincoln Rock v. Voyles,* 590 P.2d 186 (Okla.1979), and *Wanko v. Ponca Electric,* 811 P.2d 622 (Okla.App.1991), Petitioner could have asked the Three Judge Panel to remand for consideration of newly discovered evidence. Whether the offered evidence meets the parameters of evidence which could not with reasonable diligence have been discovered and produced at trial, is doubtful. See *Voyles* at p. 189.[2] While the request for review was filed prior to the submission of the relevant medical evidence, it was available at the time of the Three Judge Panel's hearing.

An examination of the request for review does not disclose that Petitioner here asked for such relief as remand for consideration of new evidence at the three judge panel stage. Here, we are only concerned with a review of the three judge panel's

---

1. The overall appearance of the posture of this case is one of an attempt to retry a cause which was already decided by garnering evidence and then postulating error on the fact that the cause had proceeded past the discovery stage when the evidence was first sought.

2. There is no readily apparent reason the independent medical and the deposition of the physician could not have been obtained in a timely fashion.

decision and whether there is competent evidence to support it. The only order and issues considered on review here are those appealed to the Three Judge panel. Its order is the final order of the compensation court and the only order considered by the appellate court. *Thompson v. Nelson Electric,* 829 P.2d 12 (Okla.1992). To permit allegations of trial court error to be submitted to the appellate court after dissatisfaction with the result obtained from the Court En Banc's review would result in recognizing the existence of two final appealable orders, a result contrary to the holding of *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okla.1984). Accordingly, whether or not the cause is fraught with reversible error for failure to consider, or to remand to consider, the "new" evidence is not available as a ground for reversal here, as it was not presented to the Three Judge Panel. Similarly, the motion to remand pending here is denied.

 Petitioner argues in this review proceeding that the only competent evidence as to the cause of Claimant's injury is her own testimony which precludes an award in her favor. Petitioner states that Claimant's statement that her ankle was stiff when she started work that morning precludes an award. It is argued that the statement of a party litigant appearing as a witness in his own behalf, if in the nature of an unqualified concession on a fact against his interest, is regarded as an informal judicial admission and conclusive against him. *Security National Bank of Duncan v. Johnson,* 195 Okla. 107, 155 P.2d 249, 253 (1944). Assuming the viability of this rule, the award is not vacatable here. Even an admission that her ankle was sore before work does not render the Dr.'s conclusion she sprained her ankle at work incompetent. The two facts are not mutually exclusive, and indeed, they could both be true. The cause and extent of disability must be supported by competent medical evidence. *Yuba Heat Transfer Corp. v. Wiggins,* 630 P.2d 783 (Okla.1981); *Chromalloy–American, Okla. Div. v. Wright,* 567 P.2d 71 (Okla.1977); *Carpenter v. Douglas Aircraft Co.,* 420 P.2d 911 (Okla.1966). The weight and probative value of medical evidence is for the determination of the trial court, which may accept or reject such evidence in whole or in part. See, e.g., *City of Nichols Hills v. Hill,* 534 P.2d 931 (Okla. 1975); *Burns v. Yuba Heat Transfer Corp.,* 615 P.2d 1029 (Okla.App.1980). There is competent evidence of an on-the-job injury, and whether an injury arises out of and in the course of the employment presents an issue of fact. The trial court's finding thereon is binding on the appellate courts if supported by competent evidence. *Thomas v. Keith Hensel Optical Labs,* 653 P.2d 201, 203 (Okla.1982); *Pearl v. Associated Milk Producers, Inc.,* 581 P.2d 894 (Okla.1978).

Petitioner also contends the Workers' Compensation Court's Three Judge Panel should have remanded this cause to the trial judge for consideration of newly discovered evidence as discussed above. That allegation has been answered negatively in the process of the discussion of newly discovered evidence and the motion to remand to the Workers' Compensation Court. Accordingly, the award must be, and is, sustained.

**SUSTAINED.**

GARRETT, C.J. and JOPLIN, J., concur.