**Shirley PAYNE, Petitioner,**

v.

**WILSON'S BARBECUE and The Workers' Compensation Court, Respondents.**

**No. 87951.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Jan. 7, 1997.

Certiorari Denied March 5, 1997.

Fred V. Monachello, Tulsa, for Petitioner.

James B. Durant, Tulsa, for Respondents.

OPINION

HANSEN, Presiding Judge:

Petitioner, Shirley Payne, (Claimant), seeks review of a Workers' Compensation Court order finding she did not sustain an accidental injury arising out of and in the course of employment with Respondent, Wilson's Barbecue (Employer). The issue presented is whether this Court may direct the Workers' Compensation Court to reconsider Claimant's claim in light of alleged newly discovered evidence.

In her claim for compensation, Claimant asserted she had injured her left leg and foot on July 22, 1995, when she "[d]ropped bucket on leg, foot". Employer denied the accident occurred. At trial, Claimant, whose job included meat cutting for Employer restaurant, testified she was injured when she dropped a plastic container full of meat scraps on her foot. Claimant stated she was getting ready to dump the meat scraps into a cardboard box held by a co-worker, Coletha Williams, when she dropped the plastic container. The container full of meat would have weighed 20–25 pounds. Claimant further testified another co-worker, Frances Jackson, should have been in a position to see the accident.

Frances Jackson testified she was working on July 22, but did not see the alleged accident. She said Claimant did tell her that night that meat scraps had fallen on her foot. Jackson, a manager, acknowledged she had

approved initial medical treatment of Claimant's foot, but had refused to authorize later surgery. Coletha Williams testified that on July 22, 1995, she was emptying meat scraps from a plastic container into a cardboard box and Claimant was assisting her. Williams stated she did not see anything fall on Claimant's foot. Williams denied her testimony was affected by her initial belief Claimant was seeking to recover from her. It was at the time of her pretrial deposition that Williams first learned Claimant was not accusing Williams of dropping the container on her foot. At her deposition Williams also denied witnessing Claimant's alleged accident.

The trial court found Claimant did not sustain an accidental injury arising out of and in the course of her work with Employer. In its order, the trial court specifically noted Claimant testified Jackson and Williams had witnessed the accident, but that both testified they did not see the accident. The trial court even more specifically noted:

> ... Ms. Williams, who was a credible witness, testified that she was in the same room with the claimant the entire time, and that the accident did not take place.

Claimant filed a timely appeal to a three judge panel of the Workers' Compensation Court. The three judge panel heard the matter on July 12, 1996, and on July 18, 1996, entered its order affirming the trial court's order without modification. Claimant now seeks this Court's review of the Workers' Compensation Court's order.

■ Claimant contends in her Brief in Chief that the Workers' Compensation Court's order should be vacated and the matter set for rehearing in that court because Coletha Williams has recanted her trial testimony. This contention was not raised in the Workers' Compensation Court. Claimant advised her counsel of Williams' recantation only after the three judge panel hearing. It is unclear, however, when Williams is reported to have told Claimant that Williams did not tell the truth at trial.

In support of her contention, Claimant has attached Williams' September 15, 1996, affidavit as an exhibit to her Brief in Chief.

Williams' affidavit was neither presented to the Workers' Compensation Court in support of a request for rehearing there, nor was it submitted to that court for inclusion in the record on appeal. We find we are precluded from considering either Claimant's request for a rehearing or Williams' affidavit.

Claimant concedes "[i]t is well settled that a Motion for New Trial is unauthorized and unavailable in Workers' Compensation Court", citing *Snyder v. Smith Welding & Fabrication,* 746 P.2d 168 (Okla.1986) and *Mid–Continent Casualty Co. v. Potter,* 887 P.2d 1383 (Okla.App.1994). In *Snyder,* the Supreme Court held the new trial provisions of 12 O.S.1981 § 651 applied only to suits in the district court, and that the Legislature had not authorized a similar procedural device to secure judicial reconsideration of an order or award made in the Workers' Compensation Court. The statutory and common law relevant to the *Snyder* decision remains as it was at the time of that opinion.

However, Claimant argues that because this case is no longer before the Workers' Compensation Court, the Court of Appeals has the power to direct any order affecting the Workers' Compensation Court's order that it "deems proper, just and equitable". We are unpersuaded by Claimant's argument.

Claimant cites *Lincoln Rock Corp. v. Voyles,* 590 P.2d 186 (Okla.1979), in support of her assertion that the appellate courts of this state may order a rehearing in the Workers' Compensation Court on the ground of newly discovered evidence. In *Voyles,* the employer filed a motion for new trial with the court en banc. Attached to the motion was an affidavit of the employer's counsel stating that after the trial court award was made counsel learned the claimant had returned to construction work. The employer argued this newly discovered evidence was contrary to the opinion of the claimant's medical expert and would change the result of the trial court. The court en banc affirmed the trial court's award without making reference to the claimant's motion for new trial.

The *Voyles* Court noted motions for new trial, rehearing or vacation are not authorized before the State Industrial Court

[Workers' Compensation Court], and that by rule,[1] en banc hearings were limited to the record before the trial judge. The Supreme Court, however, found that strict application of the law and rule could deny the parties full opportunity to introduce competent evidence bearing upon the claimant's entitlement to an award. The *Voyles* Court consequently held the "Court en banc had the authority and the duty to hear and determine" the claimant's request for rehearing. Because the *court en banc* failed to make a specific finding on that issue the Supreme Court remanded the matter to the trial court for further proceedings.

The Supreme Court in *Voyles* based its decision on, and quoted liberally from, *Rodriquez v. Utilities Eng. and Const. Co.*, 281 P.2d 946 (Okla.1955), where the Court had interpreted 85 O.S.1951 § 77.[2] Section 77, in language substantially recodified in 85 O.S.Supp.1995 § 3.6(A), authorized the State Industrial Court en banc to "issue such order, decision or award as it deems proper, just and equitable". The *Rodriquez* Court held:

> ... we think the statute clearly empowers and makes it the *duty of the Commission* to hear and determine a request for rehearing made and presented at the hearing of such an appeal from an order of the trial commissioner. (Emphasis added).

*Voyles* and *Rodriquez* are distinguishable from the case at bar. In both cases the requests for rehearing were made to the Workers' Compensation Court en banc, and the Supreme Court held it was the duty of that court to hear and determine such request. In the case at bar, Claimant first raised the issue of newly discovered evidence in this Court and sought to support its assertion with affidavits never made a part of the official record.

 In accordance with 85 O.S.Supp.1995 § 3.6(C), this Court's review is limited to error or illegality in an order, decision or award of the Workers' Compensation Court. In seeking our review, Claimant does not contend the Workers' Compensation Court erred, or that its order was illegal, but instead asserts that if we remand this matter for rehearing the Workers' Compensation Court might come to a different conclusion based on the alleged newly discovered evidence.

The question of the newly discovered evidence was never presented to the Workers' Compensation Court as it was in the cases Claimant cites as authority for her contention. In *Voyles* and *Rodriquez* the Workers' Compensation Court *en banc* was found to have erred by not ordering a rehearing before the trial court. Here, Claimant asks this Court to make the initial determination that she is entitled, as a matter of law, to a new trial. We may not do so. In *Bivins v. State ex rel. Oklahoma Memorial Hospital*, 917 P.2d 456 (Okla.1996), the Supreme Court held;

> An appellate court will not make first-instance determinations of disputed law or facts issues. That is the trial court's function in every case—whether in law, equity or on appeal from an administrative body.

Additionally, we may not consider Williams' affidavit presented to this Court only as an exhibit to Claimant's Brief in Chief. It is well established that:

> This court may not consider as part of an appellate record any instrument or material which has not been incorporated into the assembled record by a certificate of the clerk of the trial court, nor may a deficient record be supplemented by material physically attached to a party's appellate brief.

*Chamberlin v. Chamberlin*, 720 P.2d 721, 724 (Okla.1986).

Claimant does not assert that the evidence, *as it was presented to the Workers' Compensation Court*, is inadequate to support that court's order, nor does she assert that the court's actions or its order was legally deficient. We are therefore compelled to sustain that order. *Parks v. Norman Municipal Hospital*, 684 P.2d 548 (Okla.1984).

---

1. Now Rule 31(B), Workers' Compensation Court Rules, 85 O.S.Supp.1995, Ch. 4. App.

2. Repealed by Laws 1977, c. 234, § 62, eff. July 1, 1978.

Accordingly, the Workers' Compensation Court's order is SUSTAINED.

JOPLIN and BUETTNER, JJ., concur.