1999 OK CIV APP 106

**Cathleen JOHNSON, Petitioner,**

v.

**SPECIAL INDEMNITY FUND, and The Workers' Compensation Court, Respondents.**

**No. 92,644.**

Court of Civil Appeals of Oklahoma, Division No. 1.

July 2, 1999.

Rehearing Denied Aug. 6, 1999.

Certiorari Denied Oct. 27, 1999.

Victor R. Owens, Daryl G. Alphin, Tulsa, Oklahoma, For Petitioner,

Georgiana Peterson, Henry A. Meyer, III, Oklahoma City, Oklahoma, For Respondent.

## OPINION

Opinion by CAROL M. HANSEN, Presiding Judge:

¶1 Petitioner, Cathleen Johnson (Claimant), seeks review of a Workers' Compensation Court order which, *inter alia,* held Claimant was not permanently and totally disabled as a result of a combination of injuries.

¶2 The trial court found Claimant, at the time of her latest compensable injury, was a previously physically impaired person by reason of permanent partial disability to her left hand, wrist and arm. This established jurisdiction over Respondent, Special Indemnity Fund (Fund). 85 O.S. Supp.1994 § 171. The trial court further found that by reason of her previously adjudicated disabilities, and the material increase of 10 percent occasioned by combination of the injuries, Claimant had sustained 67.90 percent permanent partial disability to the body as a whole. In its order, the court went on specifically to hold Claimant was not permanently and totally disabled as a result of the combination of injuries. The trial court also made the following findings, which are the center of controversy on appeal:

–6–

THAT the Court takes judicial notice of the order dated MARCH 26, 1998, and also of the vocational evaluation of LDH CONSULTANTS, INC. dated DECEMBER 5, 1997, which opines that claimant has transferrable skills and is retrainable.

–7–

THAT by order of the Court dated MARCH 26, 1998, claimant's employer during her last injury was ordered to provide claimant with vocational rehabilitation as outlined in option C of the LDH CONSULTANTS, INC. vocational evaluation dated DECEMBER 5, 1997. This order issued after claimant had sustained all injuries involved in this claim. That final order of the Court determined that claimant was potentially retrainable.... Claimant has not presented any evidence to this Court that would indicate that her condition has changed since the MARCH 26, 1998, order of the Court.

¶3 Claimant filed a Request for Review by a three judge panel of the Workers' Compensation Court. She asserted [a] the finding of no permanent total disability was against the clear weight of the evidence, and [b] the trial court's reliance on the December 5, 1997, vocational evaluation, as set forth in paragraph 7 of the order, was contrary to law and against the clear weight of the evidence. The three judge panel vacated paragraph 7 of the order and affirmed the remainder of the order. Claimant now seeks review of the Workers' Compensation Court's order as modified.

¶4 Claimant first contends the Workers' Compensation Court's order, as modified by the three judge panel, is erroneous in that paragraph 4—the holding of no permanent total disability—and paragraph 6, as set out

above, are unsupportable in the absence of the vacated paragraph 7. While it appears paragraph 6, in the absence of paragraph 7, is mere surplusage, and that the better practice would have been to have vacated both paragraphs, we do not find the failure to vacate paragraph 6 to be reversible error. Paragraph 7 was clearly the operative finding stating the trial court's reasoning for the holding of no permanent total disability. The judicial notice reflected in Paragraph 6 was merely meant to support the trial court's finding in paragraph 7.

¶ 5 In any event, vacation of paragraph 7, and inclusion of paragraph 6 in the order, as modified, does not defeat the legal sufficiency of the Workers' Compensation Court's holding of no permanent total disability. Even if the Workers' Compensation Court's order was based on an erroneous finding regarding transferable skills and retrainability, such is not sufficient to vacate the order. If the Workers' Compensation Court reached the correct result, although based on an incorrect theory, its order must be sustained. *Protein Technologies International/Ralston Purina v. Hammock,* 1994 OK CIV APP 21, 876 P.2d 728.

¶ 6 When the three judge panel vacated paragraph 7, which formed the basis of the trial court's reasoning, the modified order become the final order of the Workers' Compensation Court and is the only order which we may consider. *Heritage Village v. Mmaitsi,* 1995 OK CIV APP 98, 901 P.2d 235. When a three judge panel substituted decision is submitted for our consideration, it must be reviewed by applying the traditional any-competent-evidence test of correctness. *Parks v. Norman Municipal Hospital,* 1984 OK 53, 684 P.2d 548. Under this standard, our responsibility simply is to canvass the facts, not with an object of weighing conflicting proof in order to determine where the preponderance lies, but only for the purpose of ascertaining whether the Workers' Compensation Court's decision is supported by any competent evidence. *Id.*

¶ 7 Fund introduced the report of its medical expert, Dr. G., without objection as to its competency. Dr. G. opined Claimant

was "not permanently and totally disabled, based on age, education, training and experience." That opinion was given independently of any requirement for vocational rehabilitation or retraining. Dr. G.'s report provides sufficient evidentiary support for that part of the order finding Claimant was not permanently and totally disabled. Although there is conflicting expert medical evidence of record, the weight and probative value of medical evidence is for the determination of the Workers' Compensation Court, which may accept or reject such evidence in whole or in part. *Burns v. Yuba Heat Transfer Corp.,* 1980 OK CIV APP 37, 615 P.2d 1029.

¶ 8 Finally, Claimant seems to argue that her entitlement to total disability benefits under the Social Security Act, specifically 42 U.S.C. § 423(d)(2)(A), is binding on the Workers' Compensation Court. Claimant provides no legal authority to support her argument and we are aware of none. In fact, this would appear to be a matter of first impression before this jurisdiction's appellate courts. We find the reasoning of the Tennessee Supreme Court on this question persuasive. In *Bingham v. Dyersburg Fabrics Company, Inc.,* 567 S.W.2d 169 (Tenn.1978), that Court held:

> Awards or findings of the Social Security Administration are not admissible in the Courts of Tennessee in a workmen's compensation case for the purpose of showing the existence or the extent of an employee's permanent disability. Among the many reasons are: 1) employer is not a party to proceedings before the social security administration, and has no opportunity to cross-examine or to rebut employee's proof; 2) the criterion for determining the existence or extent of permanent disability, temporary or total, under Tennessee workmen's compensation statutes and case law differs widely from the definitions of disability applicable for social security purposes. (Citations omitted).

¶ 9 As was the case in Tennessee, our definition of permanent total disability differs from that found in the Social Security Act. *See,* 85 O.S. Supp.1995 § 3(15); 42 U.S.C. § 423(d). Further, the absence of the employer as a party to the social security pro-

ceedings would itself be sufficient reason to afford the determination there no binding effect. Accordingly, we hold Claimant's total disability determination by the Social Security Administration may not be considered for the purpose of showing the existence or the extent of an employee's permanent disability. *Accord, Trujillo v. City of Albuquerque,* 116 N.M. 640, 866 P.2d 368 (N.M.App.1993); *Solomon v. W.B. Easton, Inc.,* 307 S.C. 518, 415 S.E.2d 841 (S.C.App.1992). *But cf., Womack v. Industrial Commission,* 3 Ariz.App. 74, 412 P.2d 71 (1966)(Social Security finding considered to corroborate claimant's contention he was unable to work).

¶ 10 The Workers' Compensation Court's order is SUSTAINED.

¶ 11 JONES, C.J., and ADAMS, J., concur.