**DEPARTMENT OF PUBLIC SAFETY and the State Insurance Fund, Petitioners,**

v.

**Terry Gene JONES and the State Industrial Court, Respondents.**

No. 50814.

Supreme Court of Oklahoma.

May 9, 1978.

Sam Hill, Oklahoma City, for petitioners.

Richard A. Bell, Norman, for respondents.

DOOLIN, Justice:

A trial judge awarded compensation for permanent partial disability (27%) resulting from accidental injury sustained during covered employment. On en banc appeal State Industrial Court modified the findings of fact, found claimant had sustained 40% permanent partial disability, ordered accrued compensation paid in lump sum and balance of award to be paid at rate of $100.00 weekly. This order was adopted by a divided (3–2) vote.

Petitioners, hereafter respondents, seek review and vacation of this order, on the ground the en banc increase of permanent partial disability was arbitrary, and an abuse of discretion, in complete disregard of respondents' rights. Only the extent of permanent partial disability is in issue.

Claimant was injured April 17, 1976, during duties as highway patrolman. He was stricken by severe back pain while lifting a case of oil from behind the front seat of a patrol car. The injury was reported and claimant was seen by Dr. L. in Purcell, and then referred to Dr. C., a neurosurgeon. Claimant continued work until hospitalized May 9, 1976, for myelogram and eventual disc surgery. The doctor released claimant, for return to work July 12, 1976, with restrictions against strenuous activity. He recommended a specified type car seat be used while claimant was driving. He reported disability after surgery was 15% to the body as a whole.

Claimant received full wages during time off. After his return to work, respondents presented a proposed joint petition settlement for the minimum 15% paid when surgery is involved. The trial judge declined approval and appointed Dr. W.J.H. as an independent medical examiner. After extensive examination the doctor reported claimant sustained 25% permanent partial disability from aggravated injury. Surgery had achieved an adequate result but claimant's prognosis was extremely guarded.

Evidence showed claimant strained his back in 1970 while removing a spare tire from a patrol car. He was hospitalized in traction for 10 days. Claimant returned to work in approximately one month, and worked continuously until last injury, although still having a back problem. No claim was made for that injury. At the time of hearing claimant was working full time, although troubled by low back and right leg which had a burning pain. He could sleep only in a certain position and took pain medication daily. The back condition prevented stooping, bending, or lifting as claimant would be required to do changing a tire during duty.

Claimant introduced the medical report of examination by Dr. M. This physician was of opinion claimant was suffering from the scarring of nerve roots with fibrosis and possibly another herniated disc. Dr. M. stated claimant had sustained 65% permanent partial disability to the body as a whole, due to accidental injury.

Respondents submit State Industrial Court's modification by increasing the award for permanent partial disability was arbitrary and an abuse of discretion requir-

ing vacation of the award. Respondents insist great disparity in disability evaluation required the court to make an arbitrary medical determination of disability, which was not necessarily within the court's competency and authority. Under these circumstances the failure to appoint an independent doctor would have been abuse of discretion. Because an independent examiner was appointed, abuse of discretion is claimed because opinion of independent examiner was disregarded and disability rating was increased without reviewing the medical evidence. Respondents' conclusion that this increase resulted because of failure to review the medical evidence is a classic non sequitur. Essence of this complaint simply is that State Industrial Court was bound by medical evaluation of the independent medical examiner.

In workmen's compensation cases, cause and extent of disability from accidental injury must be proved by skilled professional persons. This case presents no controversy as to cause, but only involves extent of disability. Appointment of an independent medical examiner is authorized by 85 O.S.1971 §§ 25, 27.1. Whether an independent examiner should be appointed is exclusively within discretion of State Industrial Court. *Groendyke Transport, Inc. v. Willson*, 527 P.2d 1364 (Okl.1974); *City of Oklahoma City v. Lindsey*, 549 P.2d 81 (Okl. 1976).

No decision has announced that disparity in medical opinion is the sole criterion for exercise of this discretion. Neither do prior decisions indicate that medical opinion of a court appointed examiner must be accorded greater credence than that of another physician based upon examination. Probative value of medical evidence is exclusively for determination of State Industrial Court, and evidence of one expert may be accepted while that of another may be rejected in whole or in part. *City of Nichols Hills v. Hill*, 534 P.2d 931 (Okl.1975); *Goombi v. Trent*, 531 P.2d 1363 (Okl.1975).

Review of trial judge's orders or awards by State Industrial Court en banc is authorized by §§ 29, 77 of the Act, supra. The appeal prescribed by § 77 does not require or afford trial de novo, but contemplates a hearing on questions of law and fact, or mixed questions of law and fact. *McSperitt v. Sooner Service, Inc.*, 431 P.2d 443 (Okl.1967). State Industrial Court's duty on hearing en banc appeal is to review record and enter such order, decision, or award as is warranted by the evidence, and which the court deems just, proper and equitable. *Reid v. Phillips Pet. Co.*, 531 P.2d 340 (Okl.1975); *Western States Const. Co. v. Stailey*, 461 P.2d 940 (Okl.1969). Under § 77 State Industrial Court must review record made before the trial judge and issue a decision, and may remand the case to the trial judge, but is not required to do so in every case. *N. D. Crutcher Const. Co. v. Harbin*, 434 P.2d 881 (Okl.1967).

On appeal State Industrial Court reviews questions of law and fact and is authorized to enter an independent order if supported by evidence in the record. Medical evidence as to extent of disability was conflicting. After review of this evidence State Industrial Court had authority to enter a new or independent order within confines of the record presented. Determination that claimant's disability was greater than percentage awarded by the trial judge was within State Industrial Court appellate authority and limits of medical evidence presented.

A further matter disclosed by the record requires attention. The order reviewed directed lump sum payment of accrued compensation, but further ordered balance of the award paid at a rate of $100.00 weekly. Questions arising from this type of award have been considered on several occasions, most recently in *Independent School District No. 1 of Tulsa County v. Albus*, 572 P.2d 554 (Okl.1977). In that case we pointed out under § 41 two methods permit enlargement of periodical payments specified by 85 O.S.1971 § 22(5). An order entered on a trial court's own motion, without notice or hearing as to need, which accelerates periodical payments is without due process. That decision is applicable to the present proceeding.

Award sustained, cause remanded with directions to enter order consistent with views expressed.

LAVENDER, V. C. J., and DAVISON, WILLIAMS, BERRY, BARNES and SIMMS, JJ., concur.