**BI–LO FOOD WAREHOUSE, Petitioner,**

v.

**Ada Lorene McCAUSE, and The Workers' Compensation Court, Respondents.**

**No. 78473.**

Court of Appeals of Oklahoma, Division No. 1.

Aug. 11, 1992.

Paul V. McGivern, Jr., Ronald E. Hignight, Tulsa, for petitioner.

Philip K. Blough, II, Tulsa, for respondents.

## MEMORANDUM OPINION

GARRETT, Judge:

Petitioner Ada Lorene McCause (Claimant) filed her Form 3 in the Workers' Compensation Court on July 25, 1990, alleging she sustained an accidental injury arising out of and in the course of her employment with Respondent Bi–Lo Food Warehouse (Employer). She worked as a butcher for Employer and alleged she was injured on June 15, 1990, and around Thanksgiving. She alleged she injured her arms, neck, shoulders, back, legs and feet. This review proceeding involves only the June 15, 1990 accident, in which she fell while pulling a cart into the freezer, and primarily involves the injury to her back, neck and shoulders.

The trial court's order was filed October 4, 1991, in which Claimant was found to have sustained an accidental personal injury to her neck, shoulders and back arising out of and in the course of her employment. The court held she was temporarily totally disabled (TTD) from June 15, 1990,

and was still TTD and in need of further medical treatment, care and attention. Employer was ordered to furnish Claimant with necessary medical treatment, care and attention to be rendered by a competent physician chosen by Claimant, and for compensation to continue during her TTD period, not to exceed 150 weeks. Determination of permanent disability, if any, sustained by Claimant was reserved for future hearing.

■ Employer contends that the trial court erred in allowing Claimant to introduce a medical report which was filed within 20 days of the date of trial, absent waiver by opposing party, or a showing of good cause why the untimely filing should be excused, pursuant to Workers' Compensation Court Rule 19(D), 85 O.S.Supp.1990, Ch. 4, App. It also cites *Howard v. T.G. & Y. Stores, Inc.*, 725 P.2d 1262 (Okl.1986), in support of its contention.

Rule 19(D) provides:

D. No party, including the Special Indemnity Fund, will be allowed to introduce documentary evidence not timely exchanged or to amend forms, answers, medical reports or lists of witnesses within twenty (20) days of the date of trial, unless the opposing parties waive all objections, or the offering party shows in an adversary proceeding good cause why the late offering of such evidence should be excused.

In the instant case, the trial was continued on September 4, 1991, and it was agreed that Claimant would receive time to obtain a medical report of Dr. D., the physician who had been treating Claimant most recently. The report was filed on September 10, 1991, and on September 14, 1991, the trial was reset for September 24, 1991. Although there was only fourteen days between the filing and the trial, it is apparent that all parties understood that the report was forthcoming. Further, the trial date was not set until the report was filed. This is factually distinguishable from *Howard v. T.G. & Y. Stores, Inc.*, supra, in which the trial date had been set, but the report was not filed earlier than five days prior to the trial. In the instant case, no objection was

filed by Employer when the trial date was set. The trial court heard Employer's objection, and Claimant's response, to the admission of the report at the trial, and admitted the report. Although there was no specific finding of good cause, the trial court obviously considered good cause to exist, and we agree.

■ Employer next contends that Dr. D.'s report is not competent and lacks probative value because it does not contain an accurate history, or a statement that he had reviewed the medical reports, records of tests and treatment conducted by other physicians prior to his examination. It cites *Gaines v. Sun Refinery and Marketing*, 790 P.2d 1073 (Okl.1990), as authority for the rule that the omission of a claimant's past history in a medical report makes the report incompetent. Employer argues that because Dr. D.'s report is contrary to the medical reports submitted by Employer's experts, that it was necessary for Dr. D. to have reviewed them in order to render a competent medical report.

Dr. D.'s report states that Claimant's treatment for her back injury "has included chiropractic adjustments, deep heat, massage, nonsteroidal anti-inflammatories, and bedrest." This is not inconsistent with the medical reports submitted by Employer. Workers' Compensation Court Rule 20(B), 85 O.S.Supp.1990, Ch. 4, App., provides, in part:

B. [T]he Court encourages *but does not require the report to include the following information:*

1. A complete history of the claimant, including all previous relevant or contributory injuries with a detailed description of the present injury.

.   .   .   .   .

5. The medical treatment which has already been rendered and the treatment, if any, which the physician recommends for the future. . . .

We have examined Dr. D.'s report, and we find it substantially complies with Rule 20.

■ Employer next contends the trial court's continuance of the trial was a clear abuse of discretion. It contends in its brief that the continuance was granted to allow Claimant to develop medical evidence, when there had been "more than adequate opportunity to provide supplemental or additional evidence prior to the trial date." Apparently, this case was continued more than once, although the only record of it is contained in the discussion between the attorneys and the court at the trial held September 24, 1991, and in the parties' briefs. The court appointed an independent medical expert, which necessitated one continuance, and the court allowed Claimant time to obtain the written report of Dr. D., which resulted in the continuance to which Employer presently objects. We fail to see this later continuance as an abuse of discretion in light of the history of this case.

■ Next, Employer contends that the trial court erred by failing to specify the basis for substantially deviating from the court-appointed medical examiner's opinion, pursuant to 85 O.S.Supp.1990 § 17(D). It claims the physician found no TTD, and that if the Claimant uses all 150 weeks awarded by the court, there would be more than a 10% deviation. Claimant responds that § 17 applies only to evaluations of permanent impairment. We agree, as one cannot be permanently and temporarily disabled at the same time. Section 17(D) provides:

> D. The impairment rating determined by the third physician may be followed by the Court. If the Court deviates from the third physician's impairment rating by more than ten percent (10%), the Court shall specifically identify the basis for such deviation in its order.

Next, Employer contends the award is not supported by competent evidence. It states that Dr. D.'s report is not competent, and that the only other medical report of Claimant is that of Dr. F., which was prepared 14 months prior to the trial. Employer contends it is therefore not competent on the issue of continuing TTD benefits. As stated above, we find Dr. D.'s report to be competent and in substantial compliance with Rule 20. It was properly admitted and considered by the trial court, and it supports the trial court's order.

Finally, Employer contends the trial court erred in awarding TTD benefits after the healing period had ended and when Claimant was no longer under the care of a physician. Employer contends that Claimant had been treated by two physicians, [a chiropractor, Dr. G., and a physician, Dr. O.,] who both treated and released her with no referral. This Court can find no report from either Dr. G. or Dr. O. showing that they treated and released Claimant. Their treatment of her is indicated in reports of other doctors and in Claimant's answers to interrogatories propounded by Employer. However, there is nothing in the record to indicate she received a release from them prior to the time she was treated by Dr. D. This contention is without merit. Moreover, the record supports the fact that Claimant was under the care of Dr. D. at the time of trial.

■ Findings of fact made by the trial court are binding and conclusive in review proceedings before this Court, unless they lack support in competent evidence. *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okl.1984). It is only when competent evidence is lacking that the trial court's decision may be determined to be erroneous as a matter of law. *Parks,* supra. The probative value and weight to be given medical evidence is an issue for the Workers' Compensation Court's determination. See *Department of Public Safety v. Jones,* 578 P.2d 1197 (Okl.1978). Evidence of one expert may be accepted while that of another may be rejected in whole or in part. *Department of Public Safety v. Jones,* supra.

The order of the Workers' Compensation Court is supported by competent evidence.

ORDER SUSTAINED.

ADAMS, P.J., and JONES, J., concur.