**Richard W. GRIFFIN, Petitioner,**

v.

**STATE of Oklahoma and State Insurance Fund and the Workers' Compensation Court, Respondents.**

**No. 80590.**

Court of Appeals of Oklahoma, Division No. 3.

March 16, 1993.

As Corrected March 17, 1993.

Mitchell Gray, Oklahoma City, for petitioner.

James Leo Gaston, Jr., Oklahoma City, for respondents.

### MEMORANDUM OPINION

HUNTER, Judge:

Petitioner was an undercover agent with the Oklahoma Alcoholic Beverage Laws Enforcement Commission (ABLE). He had two pre-existing conditions, hand tremors and migraine headaches, which he claimed were exacerbated by the stress of the job. In early 1989, two incidents occurred which caused Petitioner great psychological distress. In the first, Petitioner was assigned to arrest a bootlegger. Petitioner believed he would be killed by the bootlegger during the arrest. The bootlegger did not appear at the "buy" during which the arrest was to be made and Petitioner did not die. Later, Petitioner was issued a reprimand from his employer for an unrelated matter. The reprimand was soon withdrawn, but Petitioner was aggrieved by the impugning of his character. Soon thereafter, Petitioner exhausted his leave and subsequently resigned.

It is clear Petitioner suffers from depression.

Petitioner filed for permanent total disability, alleging the job's mental and physical stress aggravated his underlying neurological condition and functional overlay. The trial court found Petitioner did not sustain a compensable injury or compensable occupation disease arising out of and in the course of his employment and for authority cited *Fenwick v. Oklahoma State Penitentiary*, 792 P.2d 60 (Okl.1990). On appeal, the three judge panel of the workers' compensation court affirmed the trial court finding the order not against the clear weight of the evidence nor contrary to law.

## STANDARD OF REVIEW

Under Oklahoma's interpretation of the Workers' Compensation Act, whether an injury arises out of and in the course of employment is an issue of fact. 85 O.S.Supp.1981 § 3(7), *Thomas v. Keith Hensel Optical Labs*, 653 P.2d 201 (Okl. 1982). Because the issue for review is not one of jurisdiction, we must accept as binding the trial tribunal's findings of fact which are supported by competent evidence. *Thomas* at p. 203. Appellate review of workers' compensation final orders is confined to questions of law and we therefore apply the law's traditional "any competent evidence" standard. *Parks v. Norman Municipal Hospital*, 684 P.2d 548 (Okl.1984).

## FINDINGS ON REVIEW

Petitioner asks us to adopt his position that when the court relied on *Fenwick v. Oklahoma State Penitentiary*, 792 P.2d 60 (Okl.1990), it committed error of law. We agree.

In *Fenwick*, there was no allegation of physical injury nor any evidence presented of physical injury. Fenwick was a psychological aide working at the Oklahoma Penitentiary. He was held hostage for several hours during the course of his employment and had a resultant mental disorder. The Oklahoma Supreme Court stated, 792 P.2d at p. 62, "Because there is no evidence in the present case that Claimant suffered any physical injury, he has not shown that he suffered an accidental injury. Therefore, his disability is not compensable under the Act".

In the instant case, Petitioner alleged physical disability, aggravated by job-related stress as well as a resulting mental disability.

Because of the allegations and the evidence presented, the court should have answered the questions: (1) is there an injury; if so, (2) is there a causal connection between the conditions under which the work was required to be performed and the resulting injury, and (3) did the injury result from a risk reasonably incident to the employment? *Decker v. Oklahoma State University*, 766 P.2d 1371 (Okl.1988). Decker's heart attack was compensable under the Act because it resulted from the stress of his employment. If job-related anxiety or stress aggravates a pre-existing condition, this may also be a compensable injury under the Act. *Oklahoma City v. Schoonover*, 535 P.2d 688 (Okl.1975). Schoonover had a serious ulcer condition before he joined the police force. It was under control at the time he joined the force, but flared after about a year on the force. Schoonover consulted his physician many times in an effort to heal the ulcer. The doctor commented on his belief that Schoonover's anxiety and apprehensiveness resulted from his job. Because the ulcer disease became progressively life-threatening, Schoonover underwent an unsuccessful surgical procedure. The post-mortem showed Schoonover died from gastric juices in his lungs, a condition directly resulting from the ulcer. The Oklahoma Supreme Court held that Schoonover suffered an accidental personal injury, resulting in death, and compensable under the Act.

The court should have followed the teachings and tests found in *Decker* and *Schoonover* rather than those found in *Fenwick*.

We vacate the order of the workers' compensation court and remand the matter for rehearing consistent with this opinion.

VACATED and REMANDED.

HANSEN, C.J., and BAILEY, P.J., concur.