Dorothy Louise **CARLILE**, Petitioner,

v.

**CITY OF OKLAHOMA CITY/PUBLIC INFORMATION SERVICE, Own Risk, and The Workers' Compensation Court, Respondents.**

No. 80,764.

Court of Appeals of Oklahoma,
Division No. 1.

April 20, 1993.

Rehearing Denied May 18, 1993.

Certiorari Denied July 13, 1993.

Laura Beth Murphy, William S. Murphy, Jr., Murphy & Murphy, Oklahoma City, for petitioner.

Vicki Robertson, Holloway, Dobson, Hudson & Bachman, Oklahoma City, for respondents.

## MEMORANDUM OPINION

GARRETT, Judge:

Petitioner Dorothy Louise Carlile (Claimant) filed her Form 3 in the Workers' Compensation Court on June 12, 1992, alleging she sustained an accidental injury arising out of and in the course of her employment with Respondent City of Oklahoma City (Employer). She alleged the date of the accident was August 27, 1990. The nature of her injury is shown as "physical and mental stress & fatigue" to the "body as whole". The details of how the injury occurred were: "long hours of physical work with mental and physical fatigue, overworked, undermanned". Her Form 3 indicates she returned to work on September 21, 1990.

The case went to trial on December 2, 1992. The trial court asked for opening statements, at which time Claimant's attorney stated the injury was "an accidental injury of cumulative trauma resulting in an acute psychotic break on 8–21 of '91, which was precipitated by long hours of fatigue, physical and mental stress, resulting in disease process." When asked by the court what was her disease or injury, Claimant's attorney responded with "ongoing psychosis, psychotic breaks that she has." The court asked what was the "physical injury", Claimant's attorney responded:

The physical injury—Your Honor, the case law as I understand it does not require that she has to have physical impairment as a result of the psychotic break, but only there has to be physical contributing factors to her psychotic break. And the physical injury initially was her long hours of work, being overworked, lack of sleep, lack of ability to concentrate, communicate, and that affected her mental state, and that caused her psychotic breaks.

Employer's attorney responded that the claim is not compensable because the injury is not a physical trauma, and is therefore not compensable under *Fenwick v. Oklahoma State Penitentiary*, 792 P.2d 60 (Okl.1990). Based upon the opening statement by Claimant's attorney, Employer's attorney moved to dismiss the case as unsupported by Oklahoma law.

When asked by the trial court how the instant case could be distinguished from *Fenwick*, supra, Claimant's attorney responded by citing earlier case law and arguing: "[Y]ou don't have to have a physical impairment. You have to have physical contributing factors. In other words, there should be a physical injury, and the physical injury was that she was just worn out, and then that's when your mental injury kicks in."

The trial court sustained the motion to dismiss, finding no reason to try the case. After an off the record discussion, the court announced that because there was "no technical motion filed on behalf of the Respondent, I'm dismissing it on my own motion. I find that it's not compensable under Oklahoma law pursuant to Fenwick. Submitted."

The trial court's order, entered on December 7, 1992, made the following findings:

THAT based upon the opening statement of counsel, the Court finds that claimant sustained no physical trauma but that the alleged injury is mental stress.

THAT pursuant to the case of *Fenwick v. Oklahoma State Penitentiary* 792 P.2d 60 (Okla.1990), this case is DISMISSED as not compensible (sic).

In this review proceeding, Claimant raises the following propositions of error: (1) the court improperly dismissed Claimant's claim for compensation without taking evidence; and (2) a physical and mental stress which produces a mental injury is a compensable injury in Oklahoma.

■ In support of her first proposition, Claimant contends the trial court's failure to take evidence violated the guarantee of due process of law guaranteed by Article 2, Section 7 of the Oklahoma Constitution. She contends her rights of equal protection and due process give her the right to present evidence of her claim before the Workers' Compensation Court. She also contends there is no statutory authority for the trial court to summarily dismiss her claim, and that this Court should direct the trial court to take evidence.

■ In support of her second proposition, Claimant contends it is clear she filed a claim "resulting in physical as well as mental injury which causes a definite psychological injury which is compensable in Oklahoma." She has cited several cases which she contends stand for authority that "disability from a psychiatric condition produced by an accidental injury is compensable in the same manner as any other impairment of the body." [1] She contends

---

**1.** See *Wade v. LaHar v. Howell,* 376 P.2d 221, 224 (Okl.1962), citing *Rialto Lead & Zinc Co. v.*

*Fenwick,* supra, is a case of failure of proof. She contends the right of equal protection under the law and to due process of law are fundamental in that she has the right to present evidence of a claim before the court, citing *Department of Public Safety v. Jones,* 578 P.2d 1197 (Okl.1978). However, *Jones'* reference to a violation of due process dealt with an order accelerating periodical payments, entered on the court's own motion, *without notice or hearing as to need.* 578 P.2d at 1199 (Emphasis added). That is not the case before us. *Jones* does not stand as authority for the rule that a claimant's rights to due process or equal protection are violated when he or she is prevented from presenting evidence of a non-justiciable claim, i.e., one which has no basis under the law. We note also that all of the cases cited by Claimant deal with claims involving a physical injury accompanying the claim for mental injury.

Section 3.6 of the Workers' Compensation Act provides:

A. All the evidence pertaining to each case, except upon agreed orders, *shall, insofar as may be possible, be heard by the Judge* initially assigned to the case. Upon the completion of such hearing or hearings, the Judge hearing the cause shall make such order, decision or award as is proper, just and equitable in the matter.... (Emphasis added).

The statute appears to require the trial court to take evidence before entering an order determining a claim. However, we hold the court is not required to take evidence when a claimant presents a "claim"

State Industrial Commission, 112 Okl. 101, 240 P. 96 (1925); *Seismograph Service Corporation v. Cosby,* 317 P.2d 215, 218 (Okl.1957); and *Woodward & Company v. State Industrial Commission,* 349 P.2d 638 (Okl.1960). She also contends the following cases serve as authority for her position: *Bill Grover Ford Co. v. Roniger,* 426 P.2d 701 (Okl.1967); *City of Oklahoma City v. Schoonover,* 535 P.2d 688 (Okl.1975); *Stiles v. Oklahoma Tax Commission,* 752 P.2d 800 (Okl. 1987); and *Osborne v. City of Oklahoma City Police Department,* Case No. 78,091, Court of Appeals, Division 4, (5/19/92) (Cert. granted 11/30/92). *Osborne,* supra, currently pending before the Supreme Court on certiorari, can not serve as authority.

for which the Workers' Compensation Act and the cases interpreting it afford no relief to a claimant. We do not assume the Legislature intended to require evidence when the injury complained of is not compensable. In the instant case, the trial court asked Claimant's attorney what physical injury was suffered. The only answer she was able to give related to being overworked, a lack of sleep, fatigue and inability to concentrate and communicate. This response was insufficient as a physical injury. Moreover, Claimant's attorney attempted to persuade the court that a physical injury was unnecessary when pursuing a claim for mental injury. She offered the *Osborne* case, and others, but could not offer authority finding the holding in *Fenwick* to be invalid.

The *Fenwick* Court reiterated the rule that "disability, either mental or physical, which is not accompanied by a physical injury is not compensible (sic) under the Act." 792 P.2d at 63.[2] The Court held that just as physical symptoms, such as pain, nausea and tingling of the limbs, do not constitute an accidental injury, neither does mental stress. There must be a physical injury caused by an identifiable event which occurred at a definite time. *Id.* at 62.

The existence of a compensable claim is a jurisdictional requirement in the Workers' Compensation Court. There is no compensable claim without an accompanying physical injury as defined and interpreted under the Act. The Workers' Compensation Court, as any court, is authorized to

2. The definition of "injury", as pertinent to this case is found at 85 O.S.1991 § 3(7):

'Injury or personal injury' means only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally result therefrom and occupational disease arising out of and in the course of employment as herein defined. Provided, only injuries having as their source a risk not purely personal but one that is reasonably connected with the conditions of employment shall be deemed to arise out of the employment.

inquire into its own jurisdiction. The trial court's inquiry of Claimant's attorney was appropriate to determine its jurisdiction over the claim, and the court properly dismissed the case on its own motion.

Because there was no allegation of an accompanying physical injury, there was no claim for which compensation could be awarded. Neither the Oklahoma Workers' Compensation Act nor constitutional principles of due process of law require a court to receive evidence from a claimant to prove a non-compensable claim.

ORDER SUSTAINED.

ADAMS, P.J., and JONES, J., concur.