**McDonnell DOUGLAS, Petitioner,**

v.

**Charles WEST, and The Workers' Compensation Court, Respondents.**

No. 85706.

Court of Appeals of Oklahoma, Division No. 1.

Nov. 21, 1995.

Certiorari Denied Feb. 22, 1996.

David P. Reid, Rhodes, Hieronymus, Jones, Tucker & Gable, Tulsa, for Petitioner.

Wilson Jones, Wilson Jones P.C., Tulsa, for Respondents.

### *MEMORANDUM OPINION*

GARRETT, Chief Judge:

Respondent, Charles West (Claimant), filed his Form 3 in the Workers' Compensation Court on February 16, 1994, alleging he sustained an accidental injury arising out of and in the course of his employment with Petitioner, McDonnell Douglas (Employer). He alleged he sustained a cumulative trauma injury hearing loss. The date of last exposure is shown as January 18, 1994. Employer filed a Form 10, raising the affirmative defense of the statute of limitations. Employer also alleged lack of timely notice and prejudice as a result thereof. In Claimant's Form 9, he requested a trial on the issues of permanent partial disability and binaural hearing loss.

On May 30, 1995, the trial court entered its order containing the following:

THAT the claimant has been employed by the respondent, and that such employment was subject to and covered by the provisions of the Workers' Compensation

Act of the State of Oklahoma; that claimant has suffered an occupational disease consisting of injury to the EARS due to the continued inhalation of, and exposure to, harmful dust, smoke and fumes; that exposure to the said substances was peculiar to or characteristic of claimant's employment; that the claimant's last injurious exposure to the said hazard was JANUARY 18, 1994.[1]

The court also found Claimant sustained 30% permanent partial disability to the ears and reserved for future hearing the issues of hearing aids, tinnitus and continuing medical maintenance. The order also includes a finding as to medical evidence:

THAT the Court finds that the medical report of DR. FARRAR was not probative on the issue of pre-existing impairment or on the issue of reduction of hearing loss due to the aging process.

This review proceeding followed.

For reversal, Employer raises the following propositions of error:

1. The order of the trial court awarding Claimant 30% binaural hearing loss, all work related, was not supported by any competent evidence; and

2. The trial court's refusal to consider apportionment for aging was error as a matter of law.

Claimant's medical evidence was that he sustained 25.3125% binaural hearing loss. Employer's medical evidence indicates 36.6% binaural hearing loss, but found none of it caused by his employment. Employer's expert refers to "presbycusis", or the aging process, as the cause of his hearing loss.[2] Employer contends the trial court erred in refusing to apportion for the aging process, because of 85 O.S.1991 § 22(3), which provides in part:

Deafness: Deafness from industrial cause, including occupations which are hazardous to hearing, accident or sudden trauma ... All evaluations shall include an apportionment of injury causation.

Employer's expert's opinion as to the aging process was not based upon any scientific theory or formula. It appears to arise because of the doctor's review of medical records which showed some hearing loss when Claimant began working for Employer in 1979. Claimant testified he had noticed no hearing loss before commencing his employment with this employer. Also, he had not been advised by a doctor before 1979 that he had any hearing loss.

■ There was competent evidence to support a 25.3125% binaural hearing loss totally arising out of and in the course of Claimant's employment. Employer's medical report, if admitted in evidence would have supported a finding of 36.6% binaural hearing loss due to the aging process, and 0% arising out of and in the course of Claimant's employment. However, there was no evidence to support a finding of 30% binaural hearing loss which was work-related. Section 22(3), requiring "apportionment as to causation", is not applicable.

■ The probative value and weight to be given medical evidence is an issue for the Workers' Compensation Court's determination. See *Department of Public Safety v. Jones,* 578 P.2d 1197 (Okl.1978). Evidence of one expert may be accepted while that of another may be rejected in whole or in part. *Department of Public Safety v. Jones, supra.* Findings of fact made by the trial court are binding and conclusive in review proceedings before this Court, unless they lack support in competent evidence. *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okl.1984). It is only when factual findings lack support in competent evidence that the trial court's decision may be determined to be erroneous as a matter of law. *Parks, supra.*

The order of the trial court, awarding 30% permanent partial disability, is vacated. This

---

1. The incredible reference to smoke inhalation, fumes and dust is not mentioned in the briefs of the parties. However, hearing loss is not an "occupational disease". There is nothing in the record to indicate a request was made to correct the trial court's order, or that a correction was entered.

2. When Employer offered Dr. Farrar's medical report in evidence, Claimant objected to its admission. The court announced it would rule on the objection in its order. Examination of the appellate record fails to reveal an order admitting that medical report in evidence.

case is remanded to the trial court for correction in accordance with the views expressed in this opinion.

ORDER VACATED AND REMANDED.

JONES, P.J., dissents.

JOPLIN, J., concurs.