UNIROYAL GOODRICH TIRE
COMPANY, INC.,
Petitioner,

v.

June WILLIAMS and the Workers'
Compensation Court,
Respondents.

No. 86815.

Court of Appeals of Oklahoma,
Division No. 1.

June 7, 1996.

Rehearing Denied July 31, 1996.

Certiorari Denied Oct. 16, 1996.

Gary W. Farabough, Bickford, Pasley &
Farabough, Ardmore, for Petitioner.

Roger B. Hale, Philip D. Ryan, Oklahoma
City, for Respondents.

## MEMORANDUM OPINION

GARRETT, Judge:

Respondent, June Williams (Claimant), filed her Form 3 in the Workers' Compensation Court on July 27, 1994, alleging she sustained an accidental injury arising out of and in the course of her employment with Petitioner, Uniroyal (Employer). She alleged she injured her lungs due to exposure to smoke from rubber and that June 14, 1994 was the date of her last exposure to the smoke. She filed a Form 9, requesting a trial on the issues of permanent partial disability (PPD) and rate. Employer answered, denying Claimant sustained a work-related accidental injury. Employer also raised the affirmative defense that Claimant failed to give it notice of the alleged injury within 60 days. Employer filed an amended Form 10 to submit medical evidence and add the affirmative defense of Claimant's prior family and personal history of allergies.

On May 16, 1995, the trial court entered its order. The court found:

claimant has suffered an occupational disease consisting of injury to the upper respiratory system (aggravation of a pre-existing condition) and lower respiratory system (lungs) due to the continued inhalation of, and exposure to, harmful dust, smoke and fumes; that exposure to the said substances was peculiar to or characteristic of claimant's employment with the respondent; that the claimant's last injurious exposure to the said hazard was June 14, 1994.

.    .    .    .    .

That as a result of said occupational disease, claimant sustained 10 per cent

permanent partial disability to the body as a whole due to injury to the upper respiratory system (asthma & Allergic condition),....

The court also found that temporary total disability was not an issue, and Claimant sustained no permanent partial disability to the lungs as a result of the injury. Employer filed a Notice of Appeal to the Court *En Banc* on May 23, 1995, and on December 27, 1995, the panel entered its order affirming the trial court. The panel specifically found the trial court's order was not against the clear weight of the evidence or contrary to law. This review proceeding followed.

For reversal, Employer alleges:

1. Respondent's medical evidence was based upon an incomplete patient history. Therefore, said evidence had no probative value and was not supported by medical evidence as required by law;

2. The degree of disability determined by the trial court and affirmed by the Court *En Banc* was not within the range of medical evidence; and

3. The trial court and Court *En Banc* erred in determining Respondent's disability was a result of actions arising out of and in the course of employment.

■ Claimant testified she had allergies and hay fever, creating problems with her upper air passages, when she applied for a job with Employer in 1976 and had taken over-the-counter medication for it most of her life. Employer contends, however, Claimant's medical expert, Dr. P., did not know she suffered from such allergies before she began her employment. Employer points out that Dr. P.'s report indicates her problems began to manifest when she started working for Employer. Therefore, Employer contends, the facts brought out at trial are not substantially similar to the facts in Dr. P.'s medical report which is based upon an inaccurate and incomplete patient history.

Claimant responds that the facts at trial are substantially similar to her medical evidence. She testified about her allergy problems and how they worsened over the years due to her work conditions. She stated that, while she admitted she had allergies in the past, she had not suffered to the extent she did after October, 1993. She stated she had breathing problems nearly all of the time since October, 1993, and they were worse while at work. The finding of aggravation of a pre-existing condition related to her allergies is not, therefore, outside the evidence. Dr. P. stated in his deposition that if her allergies were already present, he might need to reconsider for purposes of apportionment. He stated:

As I said earlier, if it showed something there, I could make an apportionment for that, but she gives one of the better histories I've heard of in terms of her cough and so forth related to the work shift and relating to the fact she didn't have these problems before she began this job.

■ Claimant's testimony indicates the work aggravated her allergy problems. We do not find Dr. P.'s testimony inconsistent with Claimant's testimony. The award of 10% permanent partial disability for impairment to the upper respiratory system is supported by competent evidence. Dr. P., Claimant's expert, found 5% permanent partial disability to the upper respiratory system and 35% to lung impairment. Dr. A., Employer's expert, found 10% impairment, but concluded none of it was work-related. Consideration of all of the medical evidence supports the award. The Workers' Compensation Court may accept evidence of one expert while rejecting that of another in whole or in part. *Department of Public Safety v. Jones,* 578 P.2d 1197 (Okl.1978). Insofar as our recent decision in *McDonnell Douglas v. West,* 911 P.2d 1227, 1228 (Okl.App.1995), is contrary to the views expressed in this opinion, it is expressly withdrawn.

■ Findings of fact made by the trial court are binding and conclusive in review proceedings before this Court, unless they lack support in competent evidence. *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okl.1984). It is only when factual findings lack support in competent evidence that the trial court's decision may be determined to be erroneous as a matter of law. *Parks,* supra. The award of 10% permanent partial disability for impairment to the upper respi-

ratory system is supported by competent evidence.

**SUSTAINED.**

CARL B. JONES, P.J., and JOPLIN, J., concur.