. TYSON FOODS, INC., Petitioner,

v.

Trucella Jane MAREZ and The Workers' Compensation Court, Respondents.

No. 87442.

Court of Civil Appeals of Oklahoma, Division No. 1.

Nov. 26, 1996.

Proceeding to Review an Order of a Three Judge Panel of the Workers' Compensation Court.

VACATED.

J. David Wall, Bassett Law Firm, Fayetteville, Arkansas, for Petitioner.

John D. Luton, Luton & Rackley, Muskogee, for Respondent Marez.

## OPINION

BUETTNER, Judge:

Petitioner Tyson Foods, Inc. (Tyson) appeals from an order of a three judge panel of the Workers' Compensation Court which affirmed a Workers' Compensation trial court order awarding temporary total disability payments to claimant Trucella Jane Marez (Marez). Marez filed a Form 3 August 24, 1995, in which she claimed her left knee suffered a cumulative trauma injury on July 18, 1995. Marez was found to be temporarily totally disabled from September 22, 1995, and continuing through the time of the order, not to exceed 52 weeks. Marez was awarded $197.40 per week for temporary total disabili-

ty. The court also ordered Tyson to pay for continuing medical treatment for Marez.

Marez testified she had worked for Tyson for two years. For the six months prior to her injury, she stood on concrete for eight hours a day as a condition of her employment. Her job was to pat and pack the meat as it came by on the assembly line before it was frozen. She further testified that in the days before July 18, 1995, she began experiencing discomfort in her left knee and that on July 18, 1995, while working, her knee became swollen, stiff, and clicked when she tried to bend it and that she could not stand on it. Marez went to see the Tyson nurse that day because of carpal tunnel syndrome in her wrists. While there she mentioned her knee was sore.

Marez introduced the report of Dr. L which stated that Marez's knee was swollen with synovitis and clicked when extended. The report stated the knee had a full range of motion with no instability. The report also stated: "It is my *impression* that this patient has suffered a strain or sprain of her left knee. . . . This injury *could be* a result of cumulative trauma caused by standing or working on a concrete floor for a long period of time." (emphasis added). This was the only medical evidence of causation submitted by Marez.

Tyson introduced the medical report of Dr. F which stated that Marez's left knee was swollen and painful, but that Dr. F did not believe standing on concrete during work hours would be sufficient to cause the problems Marez was experiencing. Dr. F therefore concluded that Marez's knee injury did not arise in the course of her employment with Tyson. Tyson challenged the medical report of Dr. L on the ground that it did not give a medical opinion as to Marez's injuries, but only stated that the knee injury "could" have been caused by having to stand for eight hours a day.[1] The report was admitted over Tyson's objections. The three judge review panel, one judge dissenting, also ad-

mitted the report of Dr. L and found that Marez had suffered the injury to her knee in the course of her employment with Tyson.

On appeal, Tyson alleges the three judge panel's decision to admit the report of Dr. L is not supported by competent evidence. Tyson also alleges that the finding that Marez suffered a work-related injury was not supported by competent evidence.

■ To be compensable under the Workers' Compensation Act an injury must arise out of and in the course of employment. 85 O.S.1991 § 3; *Protein Technologies International/Ralston Purina v. Hammock*, 876 P.2d 728 (Okla.App.1994). Whether an injury arises out of and in the course of employment is a question of fact. *Griffin v. State*, 852 P.2d 800 (Okla.App.1993). The burden of proof is on the claimant to establish by competent evidence the injury received was the result of an accident arising out of and in the course of her employment. *Jake's Casing Crews, Inc. v. Grant*, 451 P.2d 700, 702 (Okla.1969). If the Workers' Compensation Court's finding of an injury arising out of and in the course of employment is supported by competent evidence it will not be disturbed. *Protein Technologies, supra; Griffin, supra.*

■ A disease of the body resulting in symptoms such as pain, tingling of the limbs, and nausea, which arises in the course of employment, with nothing more, is not an accidental injury and thus is not compensable. *Fenwick v. Oklahoma State Penitentiary*, 792 P.2d 60, 62 (Okla.1990). Tyson alleges that, because standing on concrete is not peculiar to Marez's job duties, such activity could not cause an injury arising out of employment. *American Management Systems, Inc. v. Burns*, 903 P.2d 288 (Okla.1995). Thus, Tyson argues that Marez did not prove accidental injury arising out of and in the course of employment. In addition, Tyson argues that the medical report submitted by

---

1. Tyson focuses its argument also on Marez's response to the question "Do you have any—did anything occur at Tyson that caused this left knee injury in your opinion, did you have an accident of any kind?" Marez responded "No, not an accident, just standing there it started." See

*Carlile v. City of Oklahoma City/Public Information Service*, 856 P.2d 1008, 1010 (Okla.App. 1993), *cert. denied.* ("There must be a physical injury caused by an identifiable event which occurred at a definite time.").

Marez was not competent to connect Marez's medical problems with her job.

We need only address the issue of whether the medical report furnished competent evidence to support the finding that Marez' injury arose out of and in the course of employment. In *Dolese v. James,* 894 P.2d 442 (Okla.App.1995), this Court held that a doctor's statement that an injury "could be" job-related was not competent evidence to support the award of compensation. In that case the claimant's injury occurred at home, but the claimant alleged the injury was the result of his working conditions.

The instant case is distinguishable in that Marez's knee first locked up while she was on the job and the knee had been increasingly painful during her work in the days before the knee "locked up." Nevertheless, the Oklahoma Supreme Court has found that a medical report such as Dr. L's, stating that it is the doctor's *impression* that various symptoms *could be* caused by an injury in the course of employment, is not competent evidence supporting the Worker's Compensation Court's findings of fact. *Ada Coca–Cola Bottling Co. v. State Industrial Commission,* 341 P.2d 568, 571 (Okla.1959). Stated simply, an award based solely on indefinite, equivocal, ambiguous or inconsistent medical opinion does not rest on competent evidence. *Special Indemnity Fund v. Beller,* 369 P.2d 184, 187 (Okla.1962), *citing Ada Coca–Cola, supra.* It is true that recent cases have held that a medical opinion need not be given in categorical terms and that competent evidence exists if supported by the general tenor and intent of the medical testimony. *Bama Pie, Ltd. v. Raes,* 905 P.2d 811, 815 (Okla.1995). However, we find that the language used by Dr. L exactly mirrors the language disapproved of in *Ada Coca–Cola, supra.* Under our rule of law, a judgment must be based upon evidence that establishes essential facts as probably, not merely possibly being true. See *McConnell v. Oklahoma Gas & Electric, Co.,* 563 P.2d 632, 633 (Okla. 1977); *Cohenour v. Smart,* 205 Okla. 668, 240 P.2d 91 (1952) ("Where the evidence of the expert witness is only that an accident 'could' have been the cause of an injury, it is not sufficient unless the witness goes further and says that it was also the probable cause of the injury."); *Lukenbill v. Longfellow Corporation,* 329 P.2d 1036, 1038 (Okla.1958) (judgment cannot be based on conjecture or possibilities). Because Dr. L does no more than speculate on the possible cause of Marez' injury, we find the Workers' Compensation Court's award of compensation is not supported by competent evidence and must be VACATED.

HANSEN, P.J., dissents.

JOPLIN, J., concurs.