2006 OK CIV APP 6

**John COCKRELL, Petitioner,**

v.

**CITY OF BROKEN ARROW, Own Risk # 14157 and The Workers' Compensation Court, Respondents.**

**No. 101,775.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Oct. 19, 2005.

Certiorari Denied Jan. 17, 2006.

Michael R. Green, Tulsa, OK, for Petitioner.

John G. Barnhart, Tulsa, OK, for Respondent City of Broken Arrow.

Opinion by KENNETH L. BUETTNER, Chief Judge.

¶1 Petitioner John Cockrell seeks review of an order of a three-judge panel of the Workers' Compensation Court which affirmed the trial court's denial of Cockrell's claim for compensation. Cockrell sought compensation for an alleged heart injury. Respondent City of Broken Arrow (Employer) argued that Cockrell did not prove an injury. Competent evidence supports the finding that Cockrell suffered temporary symptoms but not an injury. We sustain the panel's order.

¶2 Cockrell filed his Form 3 December 2, 2003. He alleged he sustained a single incident injury to the heart arising out of and in the course of his employment. Employer denied that Cockrell had suffered an injury arising out of employment. At trial, held October 19, 2004, the parties confined the issue to whether Cockrell had sustained a compensable injury July 30, 2003,[1] and particularly whether the 11 O.S.Supp.2002 § 49–

---

1. Cockrell indicated he was not temporarily or permanently disabled by announcing that he was entitled to the maximum wage rate for TTD and PTD "if and when those two become appropriate."

110(A) presumption had been triggered and/or rebutted.[2]

¶3 Cockrell testified that he is employed as a firefighter and paramedic with Employer's fire department. Cockrell explained that in July 2003, he was under investigation for possible sexual harassment and conduct unbecoming a firefighter. Cockrell had been told that he would learn the outcome of the investigation July 30, 2003, and he was under great stress that day as a result of the pending investigation. Cockrell explained that in 2001 he had two episodes of supraventricular tachycardia (SVT), which he described as a rapid heart rate of over 150 beats per minute. Cockrell went to the emergency room on both occasions and a cardiologist later determined the SVT episodes were the result of diet pills or stress. Cockrell testified that he stopped taking the diet pills that caused the 2001 SVT episodes.

¶4 In July 2003, he was seeing a different doctor and was taking a different kind of diet medication.[3] On July 30, 2003, after Cockrell and his co-workers returned from lunch, their supervisor spoke on the phone with the Fire Chief about the investigation of Cockrell. The supervisor called Cockrell in and announced that he had learned the investigation was not completed. Cockrell testified that the news was upsetting because he was under stress waiting for the outcome of the investigation. He went upstairs and his heart began to race. Cockrell went back downstairs to the ambulance and tested himself with the heart monitor. He testified he discovered he "was in a form of SVT, which is atrial fibrillation." Cockrell's co-workers then drove him to the emergency room. Cockrell's heart rate was 200 beats per minute. Cockrell's heart rate had not returned to normal after he was at the Broken Arrow hospital for a few hours, and he was therefore transferred to the cardiac unit at Saint Francis Hospital in Tulsa. That night his heart rate returned to normal.

¶5 The trial court issued its Order Denying Compensability October 26, 2004. The court recognized that "injury" for purposes of workers' compensation includes injury to the heart if caused by stress, arising out of and in the course of employment, in excess of that experienced by a person in the conduct of everyday living, citing 85 O.S.2001 § 3(12)(b).[4] The court also recognized that the 11 O.S.Supp.2002 § 49–110(A) presumption has been applied to firefighters seeking workers' compensation benefits.[5] The trial court noted that the stress caused by awaiting the outcome of an internal investigation caused his SVT episode July 30, 2003, and that the SVT occurred within ten minutes of learning that the Deputy Fire Chief "had done all that he could do and that the matter

2. That subsection provides, in pertinent part:

... Any member of the fire department of any municipality who is disabled as a result of heart disease, injury to the respiratory system, infectious disease, or the existence of any cancer which heart disease, injury to the respiratory system, infectious disease, or cancer was not revealed by the physical examination passed by the member upon entry into the department, shall be presumed to have incurred the heart disease, injury to the respiratory system, infectious disease, or cancer while performing the firefighter's duties as a member of such department unless the contrary is shown by competent evidence....

3. Cockrell later clarified that the diet medications he was taking in 2003 were "vitamins and supplements," as well as a "water pill." He testified those products had not caused an SVT episode.

4. 85 O.S.Supp.2003 § 3(12)(b), applicable on July 30, 2003, provided:

b. "Injury" or "personal injury" includes heart-related or vascular injury, illness or death only if resultant from stress in excess of that experienced by a person in the conduct of everyday living. Such stress must arise out of and in the course of a claimant's employment. This subsection has since been amended. 85 O.S.Supp.2005 § 3(13)(b) provides:
"Compensable injury" includes heart-related or vascular injury, illness or death only if an accident or the claimant's employment is the major cause of the heart-related or vascular injury. Such injury shall be compensable only if it is demonstrated that the exertion necessary to produce the harm was extraordinary and unusual in comparison to other occupations and that the occupation was the major cause of the harm. The injury must be established by objective medical evidence, as defined in this section.

5. The Oklahoma Supreme Court first applied the 11 O.S. § 49–110(A) presumption to workers' compensation cases in *Johnson v. City of Woodward*, 2001 OK 85, 38 P.3d 218, 225–226.

was in the hands of the City Council." The trial court found that the internal investigation of Cockrell was an event which arose out of and in the course of his employment. The trial court held, however, that the SVT was a temporary rise in heart rate which did not cause any physical damage. The court determined that a rapid or irregular heartbeat does not constitute an injury for workers' compensation purposes. The trial court found the 11 O.S. § 49–110(A) presumption was rebutted and that Cockrell had failed to prove he suffered an injury to his heart July 30, 2003. A three-judge panel affirmed the denial of compensability in an Order filed January 28, 2005.

██ ¶ 6 The Workers' Compensation Act provides for compensation for accidental physical *injury* to the employee arising out of and in the course of employment. 85 O.S.2001 § 11. We will sustain the finding that Cockrell did not sustain a physical injury if that finding is supported by competent evidence. *Parks v. Norman Municipal Hosp.,* 1984 OK 53, 684 P.2d 548.

██ ¶ 7 Cockrell's Exhibit 3 is the report of Dr. Hastings, who described the events of July 30, 2003, during which Cockrell's heart rate increased, he was transported to one hospital and then another, where his heart rate returned to normal and he was released. Dr. Hastings noted that at the time of his examination, Cockrell reported he did not have an irregular heart beat, nor chest pain, shortness of breath, or wheezing. Dr. Hastings opined that Cockrell's SVT episode of July 30, 2003 was an injury arising out of and in the course of his employment.

¶ 8 Employer's Exhibit 1 is the report of Dr. Mitchell, who noted Cockrell had not experienced any other episodes of rapid heartbeat after July 30, 2003. Dr. Mitchell's report states that "Mr. Cockrell denied any current cardiac difficulties. Furthermore, he indicated he sustained no known impairment to his heart as a result of the events of July 30, 2003." Dr. Mitchell reported that Cockrell's pulse was 66 when he examined him. Dr. Mitchell found Cockrell had a "regular heart rate and rhythm without murmurs,

rubs, or gallops." Dr. Mitchell opined that Cockrell experienced an episode of SVT, or rapid heart rate, on July 30, 2003, but also that

> Mr. Cockrell did not incur injury to his cardiovascular system as a result of his recurrent episode of SVT. During (Cockrell's) episode of SVT, his heart beat at an elevated rate, but did not sustain tissue damage. Electrocardiograms performed subsequent to his cardioversion [6] substantiated this fact.

Dr. Mitchell found Cockrell had sustained 0% impairment.

¶ 9 In his brief filed in this review proceeding, Cockrell has not explained what his injury is. Rather, he asserts that it is undisputed that work-related stress caused his heart rate to increase for a few hours on July 30, 2003. Cockrell asserts that he must have some "permanent condition" because Dr. Bare prescribed Atenolol and both medical experts, Dr. Hastings and Dr. Mitchell, agreed that Cockrell should continue to take Atenolol. The records indicate Atenolol, a beta blocker, was prescribed to prevent future SVT episodes.

¶ 10 The medical reports support a finding that Cockrell's heart rate increased for a few hours on July 30, 2003. The records do not indicate Cockrell sustained an injury. As the Oklahoma Supreme Court has previously explained:

> This Court has long recognized that "[a] disease of the mind or body which arises in the course of employment, with nothing more" is not an accidental injury and, thus, not compensable. Claimant argues that the additional element requirement of "nothing more" is satisfied by the fact that the event which caused his stress is a definite and identifiable occurrence. This is not the case. This Court has consistently held that physical injury must be present for a disability to be compensable. Just as physical symptoms such as pain, tingling of the limbs, and nausea do not constitute accidental injury, neither does mental stress. Because there is no evidence in the present case that Claimant

---

6. The medical records indicate "cardioversion" refers to the heart reverting to a normal pace.

suffered any physical injury, he has not shown that he suffered an accidental injury. Therefore, his disability is not compensable under the Act.

*Fenwick v. Oklahoma State Penitentiary,* 1990 OK 47, 792 P.2d 60, 62 (citations omitted).[7]

¶ 11 Competent evidence supports the panel's finding that Cockrell suffered temporary symptoms, but not a heart-related injury or illness. We therefore sustain the denial of compensability.

SUSTAINED.

JOPLIN, P.J., concurs, and HANSEN, J., dissents with separate opinion.

CAROL M. HANSEN, Judge, dissenting:

¶ 1 I must respectfully dissent from the majority's opinion which holds the Workers' Compensation Court (WCC) correctly found Cockrell did not sustain an *injury* within the meaning of the Workers' Compensation Act (the Act). In my view, as explained below, the WCC erred, as a matter of law, in concluding Cockrell did not sustain an injury because the SVT episode did not cause any "physical damage" to his heart. Physical damage is not a *sine qua non* of a heart injury under the Act.

¶ 2 Cockrell asked the court "to determine if [he] sustained an injury arising out of and in the course of his employment to his heart as a result of an event he was involved in on July the 30th of '03." I agree with the majority that Cockrell did not seek a determination of disability or impairment, but only if he had sustained an employment related injury. Cockrell did, however, also request "continuing medical care in the form of prescription medication."

¶ 3 As the majority notes, the trial court made the following findings, among others, in

support of its determination to deny Cockrell's claim: [1] the rebuttable presumption under 11 O.S. Supp.2002 § 49–110(A)—that heart disease, not detected by physical examination on entry, is presumed to have arisen out of and in the course of a firefighter's duty—applies in WCC, [2] Cockrell testified he suffered supra ventricular tachycardia (SVT) within approximately ten minutes of being told the status of an investigation into allegations of sexual harassment against him, [3] the foregoing internal investigation was an activity which arose out of and in the course of Cockrell's employment, [4] the SVT episode did not cause any "physical damage" to Cockrell's heart and did not constitute an injury under Oklahoma law, and [5] there was competent evidence "to refute the presumption that Cockrell sustained an *injury*." (Emphasis in original).

¶ 4 Generally, Cockrell contends here the WCC erred in determining he did not sustain an "injury" within the meaning of the Workers' Compensation Act (the Act) and in its finding there was sufficient evidence to rebut the presumption under 11 O.S. Supp.2002 § 49–110(A)(hereafter § 49–110(A).

¶ 5 The Act, in § 3(12)(a) and (b), defines injury:

a. "Injury" or "personal injury" means only accidental injuries arising out of and in the course of employment.... Only injuries having as their source a risk not purely personal but one that is causally connected with the conditions of employment shall be deemed to arise out of the employment.

b. "Injury" or "personal injury" includes heart-related or vascular injury, illness or death only if resultant from stress in excess of that experienced by a person in the conduct of everyday living. Such stress

7. We recognize that 85 O.S.Supp.2003 § 3(12)(b) provides that "injury" includes heart related injury or *illness,* but nothing in the record here indicates that Cockrell has any heart related illness. In *Johnson v. City of Woodward,* supra note 5, the claimant experienced stress-induced angina while working as a firefighter. The claimant went to the hospital the next day where he underwent cardiac catheterization, angioplasty, and placement of a stent in a coronary artery. On that date, the claimant was diagnosed with coronary artery disease. The Supreme Court found that coronary artery disease affects the general soundness of the heart and its health and is not a temporary condition. The court concluded that coronary artery disease constitutes a compensable heart-related illness. 38 P.3d at 223–224. *Johnson* is distinguishable from this case, where the evidence shows Cockrell did not sustain injury or illness.

must arise out of and the course of a Cockrell's employment.

¶ 6 In *Carlile v. City of Oklahoma City/Public Information Service,* 1993 OK CIV APP 77, 856 P.2d 1008, the Court of Civil Appeals held that "physical symptoms, such as pain, nausea and tingling of the limbs, do not constitute an accidental injury." In what it apparently views as a similar holding, the WCC found here the SVT episode suffered by Cockrell did not do any "physical damage" and thus was not an injury under the Act. In doing so, it improperly applied the evidence before it to one part of § 3(12) while ignoring the remainder, even though it was relevant to the issue before it.

¶ 7 If the law is properly applied, under the facts here the question as to whether Cockrell sustained an injury is essentially one of medicine. Dr. M., Employer's medical expert, noted Cockrell experienced a "recurrent episode of supra ventricular tachycardia (SVT)." He explained "[t]his condition occurs when the natural pacemaker of the heart becomes irritated or overstimulated and paces the heart at an abnormally elevated rate." In the history portion of Dr. M.'s report, he noted Cockrell "related that this was not a new event for him, having experienced the same condition two years earlier." He also noted that after being hospitalized, Cockrell "spontaneously cardioverted to sinus rhythm with a rate in the seventies" and was discharged after he "stayed in normal sinus rhythm."

¶ 8 Dr. M. opined the cause of Cockrell's "cardiac arrhythmia was unrelated to his employ" with Employer and that he had sustained no impairment. Dr. M. set forth the rationale for these opinions, particularly in an addendum report after review of additional records, but such rationale is not necessarily relevant to his further opinion, on which the WCC apparently relied, that:

> Independent of causation, I submit that [Cockrell] did not incur injury to his cardiovascular system as a result of his recurrent episode of SVT. During the Cockrell's episode of SVT, his heart beat at an elevated rate but did not sustain tissue damage. Electrocardiograms performed subsequent to his cardioversion substantiated this fact.

¶ 9 Dr. M. found Cockrell's condition was "now permanent, stable and unlikely to change" and was "doubtful that additional therapies will benefit his clinical circumstances." Dr. M. did, however, feel Cockrell "should be maintained on his current dosage of Atenolol to prevent further episodes of SVT."

¶ 10 Cockrell's medical expert, Dr. H., did opine Cockrell did "sustain an accidental on-the-job injury." The injury was a "cardiac arrhythmia", the same condition diagnosed by Dr. M. Dr. H.'s report also reveals no findings of lasting cardiovascular damage. He states Cockrell had not reached maximum medical improvement and needed further evaluation and treatment, but did not specify what evaluation and treatment he would recommend, nor did he believe that Cockrell sustained any disability. Dr. H. did recommend Cockrell "have ongoing medical maintenance in the form of Atenolol."

¶ 11 In *Johnson v. City of Woodward,* 2001 OK 85, 38 P.3d 218, the Supreme Court considered a WCC order which, as here, denied benefits because it concluded no physical damage occurred to Cockrell's heart. As quoted by the Supreme Court, the WCC specifically found:

> "[Johnson] failed to establish by a preponderance of the medical evidence that a physical injury to the heart has occurred, as angina pain alone is insufficient to establish a compens[a]ble injury. Cockrell's claim is therefore denied."

¶ 12 The Supreme Court pointed out, however, that § 3(12)(b) of the Act, as amended in 1997, defines "injury" as either heart-related or vascular *injury* or *illness.* The *Johnson* Court found the Cockrell's condition was a heart-related illness and thus within the § 3(12)(b) definition. The WCC's definitive finding in the instant case also is based on the fact there was no physical damage to Cockrell's heart. The WCC, however, made no finding regarding whether the underlying condition causing the SVT episode was a heart related illness, or whether employment related aggravation of such underlying illness constituted an injury. *Johnson,* at 225. There is evidence which might support such

conclusions, and the WCC's other findings support a conclusion the episode in controversy arose out of and in the course of Cockrell's employment, making any injury compensable.

¶ 13 Further, the record reflects Cockrell had at least one previous SVT episode with atrial fibrillation in 2001. He was at that time treated on an emergency basis and released, but was to continue on medication to help with the SVT. Dr. M., Employer's expert, noted Cockrell's "propensity to experience episodes of SVT." At the time of the latest episode, Cockrell required hospitalization. Both medical experts recommended Cockrell be indefinitely maintained on Atenolol to prevent further episodes of SVT. Cockrell's condition would thus appear to be medically distinguishable from the mere physical symptoms found to not constitute an injury in *Carlile*, 856 P.2d at 1010.

¶ 14 The foregoing evidence could support a finding that Cockrell suffers from a heart related illness which is not of a temporary nature, which could in turn support a finding that he sustained an "injury" under the Act. It is clear from the order under review, the WCC based its determination only on the lack of evidence to show physical injury to the heart as a result of the July 2003 episode. I believe it erred by not considering whether Cockrell suffered from a heart illness under § 3(12)(b).

¶ 15 What the WCC did, and what the Majority sustains, is to take Dr. M.'s *medical* conclusion that Cockrell did not incur injury to his cardiovascular system because he did not sustain tissue damage, and draw a *legal* conclusion that he did not sustain an injury under the Act. However, the WCC failed to recognize that under § 3(12)(b) the meaning of *injury* is not necessarily the same in the different contexts.

¶ 16 In *Johnson*, 38 P.3d at 225, the Supreme Court noted § 49–110(A) has "important consequences" in a case such as this where Cockrell is relying on the presumption his alleged heart-related illness was incurred while performing firefighting duties. Cockrell was employed by Employer as a firefighter at the time of his initial SVT episode and had remained in that employment. The

evidence indicates no heart related illness was detected at his entry physical. Therefore, if Cockrell is determined to have a heart related illness, § 49–110(A) is applicable. The WCC's finding that the presumption was rebutted relates only to an "injury" to Cockrell's heart caused by physical damage, not a heart related illness.

¶ 17 The WCC's denial was based on an erroneous and incomplete consideration of what constituted an "injury" under § 3(12)(b). The determination whether Cockrell sustained an employment related injury must be made by using the proper definition of injury and applying the disputed facts. The WCC is required to make findings of ultimate facts responsive to the issues shaped by the evidence upon which its order is to be rested. 85 O.S.Supp.2001 § 26, *Hammons v. Oklahoma Fixture Co.*, 2003 OK 7, 64 P.3d 1108.

¶ 18 This Court is precluded from making determinations on disputed facts, as that is the trial court's function. *Payne v. Wilson's Barbecue*, 1997 OK CIV APP 8, 936 P.2d 358. That is, however, what the Majority does in distinguishing *Johnson* by noting the evidence shows Cockrell did not sustain injury or illness. Whether Cockrell has a cardiovascular *illness* is a fact to be determined by the WCC, as is whether that illness, or aggravation thereof, might be an injury under the Act.

¶ 19 I would accordingly vacate the WCC's order and remand it to the WCC to determine if Cockrell sustained an injury within the meaning of the Act, and if so, for such further determinations as are appropriate.